In the Matter of the Accounting of GEORGE LEASK et al., as
Trustees under the Will of HUDSON HOAGLAND, Deceased,
Respondent.

DOROTHY R. HOAGLAND, an Infant, Appellant.

Adoption — rights of adopted child — a limitation by a deed or
will, to a child or children, or conditional upon the survivorship
of a child or children, does not include an adopted child — con-
struction of will containing such a limitation.

The legal status of an adopted child, acquired by the law of adoption, is
by the law of comity recognized in every other jurisdiction where such
status becomes material .in determining the right to take property by
will or inheritance, so that children of foreign adoption, whose rights
are to be adjudicated upon here, should be regarded in the same light
as though they had been duly adopted under the laws of New York.
In case of adoption under the statute of this state the foster parent and
the minor have all the rights of parent and child, including the right of
inheritance from each other; but a limitation, in a deed or will, to a
child or children or conditional upon the survivorship of a child or
children, is not deemed to include an adopted child where the grantor
or testator is a stranger to the adoption.
A testator gave a certain sum to his executors to pay the income thereof
to his nephew " during his life, and, upon his death leaving a child or
children surviving him, to pay over the principal of said sum to such
child or children." In the event of testator's nephew "leaving no chil-
dren surviving him," the trust fund was to "revert to and become a part
of" the testator's residuary estate. After testator's death his nephew
died leaving no issue, but left a child adopted under the laws of Cali-
fornia surviving him. Held, that such adopted child cannot be deemed
the child of testator's nephew so as to defeat the rights of remainder-
men, and that the residuary legatees of testator are, under the statute,
to be considered such remaindermen.
Matter of Leask, 130 App. Div. 898, affirmed.

(Argued November 10, 1909; decided January 4, 1910.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered June
17, 1909, which affirmed a decree of the New York county
Surrogate's Court settling the accounts of the trustees under
the will of Hudson Hoagland, deceased.

The facts, so far as material, are stated in the opinion.

*John Jay McKelvey* and *Alpheus H. Favour* for appellant. Dorothy Racilia Hoagland was designated to take by Hudson Hoagland through the instrumentality of the law, the means by which many testators appoint their beneficiaries. (*Sewall* v. *Roberts*, 115 Mass. 262; *Warren* v. *Prescott*, 84 Me. 483; *Hartwell* v. *Tefft*, 19 R. I. 644; *Matter of Kohler's Estate*, 199 Penn. St. 455; *Matter of Olney*, 27 R. I. 495; *Dodin* v. *Dodin*, 16 App. Div. 42; *Von Beck* v. *Thomsen*, 44 App. Div. 373; 167 N. Y. 601; *Gilliam* v. *G. T. Co.*, 186 N. Y. 127; *Butterfield* v. *Sawyer*, 58 N. E. Rep. 602; *U. S. T. Co.* v. *Maxwell*, 26 Misc. Rep. 280; *Kimball* v. *Story*, 108 Mass. 382.) That Dorothy Racilia Hoagland, or any one in her class, was meant to take is shown by the will itself. (*Leask* v. *Richards*, 116 App. Div. 274.)

*J. Hampden Dougherty* for respondents. The history of the law of adoption in this state conclusively establishes that while an infant's right to inherit from its natural parents is left unaffected by the legislation, the only new right conferred upon the child is capacity to inherit from its foster-parents. (L. 1873, ch. 830, § 10; L. 1887, ch. 703; L. 1896, ch. 272, § 64.) A limitation to a child in a deed or will of a stranger to the adoption is not to be taken as a limitation to an adopted child. (*Schafer* v. *Evers*, 54 Penn. St. 304; *Jenkins* v. *Jenkins*, 64 N. H. 407; *Russell* v. *Russell*, 84 Ala. 48; *Keegan* v. *Geraghty*, 101 Ill. 26; *Hockaday* v. *Lynn*, 98 S. W. Rep. 585; *Johnson* v. *Bodine*, 108 Iowa, 594; *Matter of Winchester*, 140 Cal. 468; *Dodin* v. *Dodin*, 16 App. Div. 42.) An adopted child would have been excluded from the benefit of Mr. Hoagland's will had there been no express exception in the statute. *A fortiori* the exception absolutely bars her claim. (*Matter of Hopkins*, 102 App. Div. 458.)

Willard Bartlett, J. This case involves the right of an adopted child to take under a bequest to the child or children of a beneficiary named in a will upon the termination of a trust estate in favor of such beneficiary.

By the will of Hudson Hoagland the sum of $25,000 was given to his executors, to pay over the income thereof to Thomas C. Hoagland "during his life, and upon his death leaving a child or children surviving him to pay over the principal of said sum to such child or children."

In the event of the death of Thomas C. Hoagland "leaving no children surviving him" the $25,000 was to "revert to and become a part of" the testator's residuary estate.

The residuary estate was devised and bequeathed to the testator's nephews and nieces in the proportions in which the gifts made to them in the will bore to one another.

Hudson Hoagland, the testator, died on January 30, 1904. On November 28, 1906, Thomas C. Hoagland and his wife, then being residents of the county of Los Angeles in the state of California, by a legal proceeding in the Superior Court there, formally adopted Dorothy Racilia Greene as their child. This girl was born on October 15, 1904; so that her birth and adoption were both subsequent to the testator's death. Thomas C. Hoagland died on April 28, 1907, leaving no issue, and only this adopted child surviving. She had taken his name and is the appellant, Dorothy Racilia Hoagland.

This is a proceeding for the settlement of the account of the trustees under the will of Hudson Hoagland. The adopted child objected on the ground that the trustees did not account to her for the Thomas C. Hoagland fund of $25,000 or recognize her right as the person legally entitled to such fund. The objections were referred to a referee who disallowed the claim of the adopted child. His report was confirmed by the surrogate, who made a decree ignoring her claim and directing the distribution of the Thomas C. Hoagland trust fund among the persons entitled to the testator's residuary estate; that decree was affirmed by the Appellate Division, and from the order of affirmance the adopted child appeals.

It may perhaps be assumed, as it was in *N. Y. Life Ins. & Trust Co.* v. *Viele* (161 N. Y. 11, 18), that "the legal status of an adopted child, acquired by the law of adoption, is by the law of comity recognized in every other jurisdiction where

such status becomes material in determining the right to take property by will or inheritance."

The effect of this doctrine is to regard the children of foreign adoption whose rights are to be adjudicated upon here, in the same light as though they had been duly adopted under the laws of New York.

While counsel for respondents insists that the doctrine does not apply in favor of a child of foreign adoption who has not become a resident of this state, we will discuss the case on the assumption that the appellant has the rights of a child adopted under the New York statute and proceed to inquire whether by force of that statute she is to be deemed a designated beneficiary under the provision of the will in question here, as being a child of Thomas C. Hoagland.

In a case of adoption under our statute the foster parent and the minor have all the rights of parent and child, including the right of inheritance from each other; " but as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, *the minor is not deemed the child of the foster parent so as to defeat the rights of remaindermen.*" (Section 64, Domestic Relations Law, chap. 272, Laws of 1896; now section 114, chap. 14, Consolidated Laws.)

In New York and other states having similar statutes of adoption a limitation, in a deed or will to a child or children or conditioned upon the survivorship of a child or children, is not deemed to include an adopted child where the grantor or testator is a stranger to the adoption.

The words " leaving a child or children " as used by the testator had reference to the natural offspring of the life beneficiary — to a child or children born to him in wedlock and who should survive him. The testator contemplated actual parentage — a relation dependent upon the operation of natural laws in marital intercourse and which could not arise without the intervention of natural laws favorable to the procreation and birth of offspring. In this respect it

differs essentially from the relation of adoptive parentage which may be established by the voluntary act of the parties thereto. What Hudson Hoagland meant in substance was the same as though he had said: "If God, in his good providence, shall give my nephew, Thomas C. Hoagland, a child or children who shall survive him," etc., then they should receive the principal sum of twenty-five thousand dollars of which the father was given the income for life. He did not mean that if this nephew should adopt a child who survived him that such child should take. Other language would have been used if he had intended thus to confer upon Thomas C. Hoagland a virtual power of appointment. The phrase "leaving a child or children" is not one which would naturally be used in reference to an adopted child or children. "Having adopted a child or children who survived him" or some similar phraseology would have been employed if it had been the intention of the testator to include children by adoption in the qualifying clause under consideration.

The question involved in the present appeal does not appear ever to have been passed upon by this court. The nearest approach to its consideration by the Supreme Court was in *Matter of Hopkins* (102 App. Div. 458), in which the Appellate Division in the second department held that an adopted child of a son of the testator was not entitled to take under a will providing that if either of his sons should die before his wife the share of that son should go to his children.

In the case of *Dodin* v. *Dodin* (16 App. Div. 42, 48) CULLEN, J., doubted whether a testator really intended that his adopted child should take even under a residuary clause which directed that the residuum of the estate should descend and be distributed according to the laws of the state of New York. He declared that the test was not what the status of the adopted child is at law but how such child is treated in the nomenclature or vocabulary of the testator. Applying that test in the present case we find it impossible to believe that when Hudson Hoagland spoke of his nephew leaving a

child or children surviving him, he could have had an adopted child or children in contemplation.

In those states whose statutes of adoption resemble ours a limitation to a child in the will of a stranger to the adoption is not treated as a limitation to an adopted child. Thus, in Pennsylvania a devise to trustees for the use of a married woman for life and upon her death to be conveyed to her children and the heirs of her children forever has been held to convey nothing to children who had been adopted by the life beneficiary under the Pennsylvania statute. (*Schafer* v. *Eneu*, 54 Penn. St. 304.)

In New Hampshire a statute for the adoption of children provided that the adopted child should be, for the purpose of inheritance by such child and all other legal consequences and incidents of the natural relations of parents and children, the child of the parents by adoption the same as if he had been born to them in lawful wedlock, except that he should not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption. It was held by the Supreme Court of that state that the adoption of an illegitimate child by the father and his wife did not render such child his issue under the statute of adoption so as to defeat a remainder created by will and made contingent upon his leaving no issue. (*Jenkins* v. *Jenkins*, 64 N. H. 407.)

In Missouri it has been held that the devise of a remainder in fee to the " nearest and lawful heirs " of a testator and his wife carried nothing to an adopted son of the wife. (*Reinders* v. *Koppelman*, 94 Mo. 338.) In the case last cited the court said that the very terms " nearest and lawful heirs " excluded the idea of an adopted heir, and that in common parlance the terms " heirs at law " and " lawful heirs " invariably referred to the heirs upon whom descent is cast by law and not to an heir by adoption. So, here, we think that the expression " leaving a child or children," in common parlance, imports a child or children born in lawful wedlock, and not a child or children whose filial relation arises solely out of an adoption.

In those cases cited to sustain the proposition that a limita-

tion to a child in a deed or will of a stranger to the adoption is to be taken as a limitation to an adopted child, it will be found that the statutes of adoption under consideration were much broader and more comprehensive in their terms than the New York statute. Thus, the statute of adoption considered in *Sewall* v. *Roberts* (115 Mass. 262, 276) provided that a child adopted thereunder "shall be deemed, for the purposes of inheritance by such child and all other legal consequences and incidents of the natural relations of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock." The Maine statute considered in *Warren* v. *Prescott* (84 Me. 483) made the adopted child "to all intents and purposes, the child of his adopters, the same as if born to them in lawful wedlock" with an exception which is immaterial in this case; and in *Hartwell* v. *Tefft* (19 R. I. 644) the Rhode Island statute whose operation was invoked was similar in effect to the statutes of Massachusetts and Maine.

Under the provision of our statute of adoption which declares that in regard to the limitation over of common property dependent on the foster parent dying without heirs the minor is not deemed the child of the foster parent so as to defeat the rights of remaindermen, the residuary legatees in the present case are to be considered such remaindermen and the adoption of the appellant by the life tenant is ineffectual to defeat their right to take.

In construing this very will this court has held that the nephews and nieces who are entitled to share in the residuary estate become in effect the remaindermen of those for whose benefit the trust was created but who had no children to take the principal. (*Leask* v. *Richards*, 188 N. Y. 291, 300.)

In view of this explicit expression of opinion in the case cited it is hardly necessary to follow counsel in their extended discussion of the question whether the estate of the nephews and nieces is an estate in reversion or an estate in remainder. The term "remaindermen" in the statute of adoption was evidently employed by the legislature in the broad sense of

those who might ultimately be entitled to take the estate, whether they were technically remaindermen under the definition of the common law or otherwise. To allow the claim of the appellant to defeat their rights would be to disregard the plain declaration of our statute in regard to the effect of adoption.

The order appealed from should be affirmed, without costs.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Order affirmed.