In the Matter of the Petition of WALTER H. THACHER, Executor, Respondent,

to Render and Settle His Account as Executor of the Last Will and Testament of JOSEPH HORN, Deceased. WILLIAM HODGETTS, Appellant; KARL LORENZ, FRANZ WALTER, FRANZ FUGER, AUGUST FUGER, EMILIE DORRE and EMMA PALME, Respondents.— Decree of the Surrogate's Court of Kings county modified, with costs, payable out of the estate, to all parties appearing and filing briefs, so as to provide that William Hodgetts, an adopted child of Mary Hodgetts, a deceased sister of Nellie Horn, the decedent's wife, shall take as a legatee under the terms of decedent's will, and so as to include the said William Hodgetts among those to whom the executor is directed to " pay out and dispose of said balance so remaining in his hands." The matter is remitted to the surrogate to make a decree in accordance herewith. In our opinion, the legacy of $1,000 given by the 2d paragraph of the testator's will " to the child or children by representation or as a group, of each of the brothers and sisters of my late wife who predeceased her leaving a child or children; * * * it being my will that each of my late wife's brothers and sisters or their respective families shall receive One Thousand ($1,000.00) Dollars," included, within the meaning and intent of the testator, the appellant, an adopted child of a deceased sister of his said wife. This legacy was a direct gift to the appellant and not by way of limitation over, dependent, under the provisions of the will, on the foster parent dying without heirs, referred to in section 114 of the Domestic Relations Law.■ *Matter of Leask* (197 N. Y. 193) is, therefore, distinguishable from the case at bar, as in that case there was such a limitation over and the decision was based upon that ground. Lazansky, P. J., Rich, Young, Hagarty and Tompkins, JJ., concur.