Samuel Fails, S.
In this construction proceeding the petitioner seeks a determination as to whether or not an adopted child of testator’s granddaughter is entitled to receive the remainder of a trust created under article “seventh” of testator’s will.
The testator died a resident of Westchester County on September 27, 1939, and his will dated November 1, 1935 was duly *104 admitted to probate and letters testamentary and letters of trusteeship thereon were issued to the petitioner on October 9, 1939.
Under article “ seventh ” the testator bequeathed $5,000 to trustees who were directed to pay the net income therefrom to his wife for life, and upon her death “ to pay over and deliver the principal of said trust fund to my granddaughter, Barbara Comly Stevens, or to the child or children of said Barbara Comly Stevens, should she not survive my said wife, absolutely. In the event that said Barbara Comly Stevens should predecease my said wife or predecease me, leaving no child or children then surviving, then and in that event I give and bequeath the principal of said fund to my son, William Bolton Cook ”.
The testator’s granddaughter, identified in the will as Barbara Comly Stevens, predeceased the wife of testator and left as her only child an adopted child who was born on June 15, 1945. The question to be determined is whether or not the adopted child is entitled to the remainder of the trust created under article “seventh ” as the child of Barbara Comly Stevens, or whether such remainder should be distributed to the testator’s son. The adopted child was born subsequent to testator’s death, and was not adopted until more than six years after testator’s death.
A foster child inherits from but not through his foster parents and is “ not deemed the child of the foster parent so as to defeat the rights of remaindermen ” under an instrument providing for limitation over upon his foster parent dying “without heirs ”. (Domestic Relations Law, § 115; Matter of Hall, 127 N. Y. S. 2d 445.) In Matter of Leask (197 N. Y. 193) the court in an opinion by Babtlett, J., stated at page 196: “In New York and other states having similar statutes of adoption a limitation, in a deed or will to a child or children or conditioned upon the survivorship of a child or children, is not deemed to include an adopted child where the grantor or testator is a stranger to the adoption.” In Matter of Upjohn (304 N. Y. 366) the court held that an adopted child was entitled to take as a “ lawful issue or descendant ” under the will of her foster mother’s uncle, and on a showing that the adoption had been completed prior to the execution of the will, and that the testator was aware of the adoption and accepted the foster child as part of his family, the court found evidence of an intention to include such child as a beneficiary under his will. The instant case is clearly distinguishable from Matter of Upjohn (supra) on its facts. And it is well established that in a case such as this where there is an absence of any intention to the contrary, the term ‘1 child ’ ’ will not be construed as including adopted ehil- *105 dren. (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; Matter of Price, 4 Misc 2d 1023; Matter of Clark, 137 N. Y. S. 2d 252.)
Accordingly, the court determines that the testator did not intend to include a foster child of Barbara Comly Stevens in the alternative gift of the remainder under article “ seventh ” of his will, and, that such remainder is payable to William Bolton Cook, the son of testator.
Settle decree accordingly.