J. Vincent Keogh, J.
This is a proceeding judicially to settle the accounts of the petitioner as trustee of express trusts created on March 15, 1929, by Joseph H. Herbst for the benefit of himself and others. Permission to resign as trustee and to substitute in its place Kings County Trust Company is also sought. In addition, petitioner requests a construction of certain paragraphs of the indenture of trust.
No objections have been made to the account as stated.
The respondents having consented, the trustee is relieved from investing solely in first mortgages on real estate in New York State as directed in paragraph “ second ” of the indenture of trust. The principal of the trust may be invested in such securities or other property as shall from time to time be authorized for trust investment by the laws of New York State.
Under paragraph “tenth” of the indenture of trust it is provided that “ The trustee guarantees to the beneficiary or beneficiaries of the income and principal provided for hereunder, that there shall be no default in the payment of any of the interest on any of the securities in which said trust may be invested; that the principal shall be invested in bonds and mortgages, or interests therein, with payment of principal and interest guaranteed by the said Bond & Mortgage Guarantee Company or other satisfactory guarantor, and that in no event shall the premium paid to such guarantor for such guarantee be more than one-half of one percent of said principal per annum, and that there shall be no shrinkage or loss in the payment of the principal of such trust fund at the times when due. ’ ’
By virtue of an order of the Superintendent of Insurance made in March, 1933, and by virtue of chapter 920 of the Laws of 1935, the petitioner became unable to procure first mortgages guaranteed by Bond & Mortgage Guarantee Company or by any other similar guarantor. Petitioner asks a construction of paragraph “ tenth ” to the effect that the petitioner’s guarantee against shrinkage of the corpus and default in income terminated in law as of the date petitioner was unable to obtain first mortgages guaranteed by Bond & Mortgage Guarantee Company or any other similar guarantor and that the substituted trustee does not become liable upon its appointment for shrinkage of corpus or default in income under the terms of the indenture of trust. The guarantee of the trustee was not an unconditional guarantee. It was based on the premise that the investments would carry the guarantee of either the Bond & Mortgage Guarantee Company or a similar guarantor satisfactory to the trustee. When the statutory prohibition against *798 further mortgage guarantees deprived the trustee of the protection upon which it conditioned its promise, the trustee was released of its obligation to guarantee against loss on investments other than those limited by the express terms of the trust agreement. (Matter of Title Guar. & Trust Co. [Dick], N. Y. L. J., May 28, 1957, p. 11, col. 6.)
The petitioner also seeks a construction of the indenture of trust to the effect that the substituted trustee is entitled upon appointment to principal and income commissions payable out of the trust at the statutory rate in effect from time to time rather than at the rate set forth in such indenture of trust. A similar construction was requested and approved in Title Guar. & Trust Co. v. McClement (N. Y. L. J., Sept. 24, 1954, p. 10, col. 4). The reasoning in that decision may be applied to the instant application.
The petitioner also seeks a construction of the indenture of trust to determine whether the remainder of the trust created therein may be vested under the exercise of the power of appointment recited in the trust indenture, in the adopted children as well as in the natural issue of Irwin Herbst, one of the children of the settlor, or in the event of failure to exercise such power of appointment, whether the remainder vests in the adopted children as well as the natural issue, and also whether the adopted children of the said Irwin Herbst are contingent remaindermen with the natural issue of the said Irwin Herbst as to the contingent remainders in the issue of said Irwin Herbst created in paragraph u fourth,” subdivisions (a), (b) and (c) of the trust indenture, or whether the said contingent remainders are limited to the natural issue of said Irwin Herbst. In the absence of a contrary intention, the word “ issue ” is interpreted in its primary sense as referring to descendants and not referring to children by adoption (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; Matter of Leask, 197 N. Y. 193) except where a child has been adopted prior to the making of the instrument creating his interest and was known to the maker of the instrument (Matter of Upjohn, 304 N. Y. 366). Here the trust indenture was made March 15, 1929, and amended January 11, 1930, and the settlor died January 25, 1930. The two adopted children of Irwin Herbst are infants and were, therefore, adopted after the death of the settlor. Accordingly, in the absence of contrary intention, the word 1 ‘ issue is interpreted as referring to descendants and not to children by adoption and the court holds that the exercise of the power of appointment in paragraph “ fourth ” subdivision (e) is limited to the natural issue of the said Irwin Herbst and in the event of *799 failure to exercise said power of appointment, the remainder vests in the natural issue of said Irwin Herbst. The court further holds that the contingent remainders in paragraph “fourth,” subdivisions (a), (b) and (c) are limited to the natural issue of said Irwin Herbst.
Accordingly, the construction as sought is otherwise approved; motion to settle trustee’s accounts is granted. Upon consent the petitioner is permitted to resign and Kings County Trust Company is appointed successor-trustee.
Submit order.