In the Matter of the Intermediate Accounting of STEVENSON E. WARD, JR., et al., as Trustees of the Trust under the Will of MAY S. WARD, Deceased, Respondents. JAMES A. WARD et al., Appellants-Respondents; MORRIS E. LASKER, as Special Guardian for Infant, ANNE WARD, Respondent-Appellant; THOMAS F. CROAKE, as Special Guardian for GRACE WARD, et al., Respondents.— Appeal from so much of a decree of the Surrogate's Court, Westchester County, as construes paragraph Fourth of the will to exclude Anne Ward, an adopted child, from any share of interest in a testamentary trust. Decree modified upon the law and the facts by striking therefrom the second decretal paragraph. As thus modified, decree insofar as appealed from affirmed, with costs to all parties filing separate briefs, payable out of the trust, and matter remitted to the Surrogate's Court for entry of a decree not inconsistent herewith. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The testatrix died in 1947, leaving a will under which a trust was erected for each of her three adult children, including her son James. He was given the income for life, and upon his death the remainder was given to his "lawful issue" surviving. James married in 1950, and in 1956 he and his wife, who were childless, legally adopted the infant, Anne Ward. There is testimony that the testatrix favored adoption generally, that she approved and advocated adoption of children for her married but childless daughter, and that she desired in the disposition of her estate to treat all three of her children equally. The Surrogate credited the testimony, but refused to find that the after-adopted child should be included within the term "lawful issue" as used in paragraph Fourth of the will. The Surrogate held that Matter of Upjohn (304 N. Y. 366) is confined to its own facts, under which the child had been adopted during the testator's lifetime, and the testator had treated the child as he would a blood relative. The Surrogate held further that the adopted child, Anne, is barred under section 115 of the Domestic Relations Law, which provides that "the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen." We find that the evidence abundantly establishes that the testatrix intended to benefit a child adopted by her son; concededly no fraud was involved in the adoption of Anne. Section 115 is not an absolute bar against an after-adopted child's taking a remainder. The section will not operate against the intention of the testatrix. The intention is not to be found only upon the words "lawful issue", but upon the text of the entire instrument and the background of facts and circumstances existing when the will was made. (Matter of Upjohn, supra.) In Matter of Leask (197 N. Y. 193) sufficient evidence was not presented to enable the court to find the testator's actual intention. Essentially the court had before it only the instrument itself and the fact that the child was adopted after the death. Wenzel, Acting P. J., Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, without modification, for the reasons stated by the learned Surrogate.