Van Voorhis, J. (dissenting).
Section 115 of the Domestic Relations Law,. respecting the effect of adoption of children, contains a paragraph stating: “ As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen,” *725 This expresses the time-honored rule. It was thus characterized by Surrogate Frankbnthaler in Matter of Charles (200 Misc. 452, 460, affd. 279 App. Div. 741, affd. 304 N. Y. 776): “ Where, however, there is a gift over in the absence of children the adversity of interest which exists is not betweén natural children and those by adoption or the latter and intestate distributees but between adopted children and specified remainder-men chosen by the testator himself. In that case, the fourth paragraph of section 115 of the Domestic Relations Law, is directly applicable (Matter of Leask [197 N. Y. 193], supra; Matter of Hopkins [102 App. Div. 458], supra). To allow adopted children to participate in the assets under those circumstances it must be demonstrated that the testator intended a result contrary to that prescribed by statute and intended to include such children within the gift (Matter of Leask, supra). There must be an affirmative showing not of an intention to use the word ‘ children ’ in its general signification but of a positive intention to permit adopted children to take to the exclusion of named remaindermen. Where such remaindermen are selected by the testator himself, the Legislature has assumed that such persons would be preferred by the testator over adoptees. Counsel contend that to allow adopted children to share the appointive assets in this estate would defeat such rights and is thus circumscribed by the statute.”
In the present instance, the will creating the trust provides expressly that, upon the death of the life beneficiary (child of the testatrix), the corpus shall be distributed among the lawful issue of such child. There is no statement in the instrument indicating or even implying that adopted grandchildren are to be included. Neither does this case involve adoption to the knowledge of the testatrix prior to the creation of the trust as in Matter of Upjohn (304 N. Y. 366). The mere circumstance that a testatrix is quoted as having looked with favor upon the adoption of children by childless couples is not sufficient, in my judgment, to overcome the effect of section 115 of the Domestic Relations Law.
For this reason, the order appealed from should be modified so as to direct payment of the remainder as provided by the will exclusive of the child adopted after testatrix’ death.
Order affirmed, etc.