Joseph A. Cox, S.
The general guardian of two adopted children seeks to intervene in this proceeding instituted by the executors for judicial settlement of their account and other relief. The sole issue raised by this motion is whether the adopted children have a status under decedent’s will which would entitled them to be cited in this proceeding. If it be established that the adopted children have remainder interests in the trust they are necessary parties to these proceedings (Matter of Evans, 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571; Matter of Cook, 244 N. Y. 63; Matter of Davis, 182 N. Y. 468).
The stipulated facts, for the purpose of this motion, are as follows: The testator was 56 years of age at the time he executed his will and he died approximately one year later. He was survived by a widow Ella H. Pryor, who was 56 years of age at the time of his death, and by a married daughter Mary Ruth P. Seala. At the time of the execution of the will the testator knew that his wife was permanently physically incapable of bearing children. The decedent’s daughter was 32 years of age at the time of the execution of the will and had no issue. After the death of the testator the daughter submitted to medical treatment and surgery as a result of which she became incapable of bearing natural children. In 1957 the daughter and her husband adopted the infant Arthur P. Seala and in 1959 they adopted the infant Roger P. Seala.
The decedent in article Third of his will created a residuary trust with the income thereof payable to his widow for life and the remainder of the trust disposed of as follows: “ (d) Upon the death of my said wife, or if she shall die in my lifetime, then on my death, to divide the principal of this trust or the remainder thereof into as many shares, share and share alike, per stirpes and not per capita, as there shall be then living lawful issue of mine, per stirpes and not per capita”. In subsequent subdivisions he directed the respective trust remainders to be held in further trust during the lives of his issue in being at the time of his death until each of such issue reached the age of 45 at which time the principal was to be paid to them. In subdivision (h) the testator made alternative dispositions of the remainders of the trusts in the event any of the issue should die before attaining the stated age. The pertinent portions of that subdivision read as follows: “ (h) If any of my aforesaid issue, entitled to his or her share when he or she shall reach the ages *724 aforesaid, die before reaching such age, then upon such death to pay and divide the principal of said share or the remainder thereof among his or her spouse and my issue, or some one or more of them, in such proportions and subject to such terms and conditions as such deceased issue shall, by his or her Last Will and Testament appoint; or in default of such appointment or so far as it may be void or shall not take effect or extend, to pay and divide such share or the remainder thereof if he or she shall leave a spouse and issue him or her surviving among his or her issue and his or her spouse, in the proportion of one-third of said share or of the remainder thereof to his or her spouse and two-thirds to his or her issue in equal shares, per stirpes; but if he or she shall leave issue but no spouse, to pay said share or the remainder thereof to his or her issue in equal shares, per stirpes; but if he or she shall leave a spouse but no issue, to pay one-third of said share or of the remainder thereof to his- or her spouse and the balance, or the whole of said share or remainder if he or she shall leave no spouse, to my issue living at his or her death, in equal shares, per stirpes.”
One contention on behalf of the present income beneficiary’s adopted children is that they are necessary, or at least proper, parties to this proceeding as permissible appointees under the power of appointment which the will grants to their foster mother. Accepting, arguendo, this conclusion as to their status as permissible appointees, such an uncertain position would not entitle them to citation. The fact is that the donee of the power may appoint only to her spouse and the testator’s issue and, for this reason, the adoptees’ premise is tenable only if they may be regarded as issue of the testator. The adopted children do not inherit from the next of kin of their foster parents (Matter of Hodges, 294 N. Y. 58; Domestic Relations Law, § 117) and they may be regarded as issue of the testator only if he evidenced an intention to place an adopted child in that category (Matter of Upjohn, 304 N. Y. 366, 375; Matter of Ricks, 12 A D 2d 395, 396). Neither the text of the will nor the stipulation of facts provides any indication that the testator, in referring to Ms issue, intended to include persons who were not of his blood. For these reasons it cannot be concluded that the trust property could be appointed to the adopted children of the income beneficiary.
A much more troublesome problem is presented by the assertion on behalf of the adoptees that they take in default of appointment as issue of their foster parent. This contention brings the problem directly Avithin the scope of a number of decisions.
*725 New York Life Ins. & Trust Co. v. Viele (161 N. Y. 11) concerned a remainder gift to the lawful issue of a trust beneficiary. During the lifetime of the testatrix the trust beneficiary adopted a child and this fact was known to the testatrix. It was held that lawful issue normally means blood descendants and, since there was no evidence in the will of a contrary intention, the accepted definition would control. The court went on to say that in any event an adopted child would be barred by the provision contained in the Domestic Relations Law (now § 117) providing that with respect to the passing and limitation over of property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remainder-men. This decision was a holding that, if the Domestic Relations Law was applicable, an adopted child of the beneficiary would take only if a bequest to such child was contained in the will. A like result was reached in Matter of Leask (197 N. Y. 193).
A more recent consideration of the question appears in Matter of Upjohn (supra) where the remainder bequest was to the lawful issue or descendants of the income beneficiary and, in default of such issue, to others. The fact, as in the Viele case (supra), was that the beneficiary had adopted a child with the knowledge of the testator. The court commented upon the public policy favorable to adopted children, reviewed the interpretation of various other statutes which sustained this policy and then indicated that a testator who was aware of a particular adoption within his family would be required to take some affirmative action to disclaim the adoptee as a testamentary beneficiary if it was the testator’s purpose to deprive such a child of a remainder interest. In basing a donative intent upon actual knowledge of the adoption the court, in effect, held that the exclusionary provision in the Domestic Relations Law would not enter into the problem.
Again in Matter of Ward (9 A D 2d 950, affd. 9 N Y 2d 722) it was held that the attitude of the creator of the trust was controlling and that evidence of an intention to benefit an adopted child barred the application of section 117 of the Domestic Relations Law. Like thinking seems to have been controlling in Matter of Day (10 A D 2d 220).
In Matter of Ricks (12 A D 2d 395, supra) the court failed to find that the trust settlor intended to benefit an adopted child and, in the absence of such intention, an adopted child did not benefit under the will. In Upjohn, Ward, Lay and Ricks (in the Appellate Division) the conclusions were not affected by the *726 exclusionary provision of the Domestic Relations Law respecting the intervention of adopted children as affecting a limitation over. In each of these cases it was the intention of the creator of the trust that was all-controlling. In Upjohn, Ward and Day the intention to benefit adopted children precluded reference to the statutory exclusion. In Ricks the Appellate Division held that the lack of such intention alone resolved the problem against the adopted children. However, upon an appeal in Ricks the Court of Appeals held section 117 of the Domestic Relations Law to be controlling for the reason that participation by the adopted children would diminish the shares of other remainder-men although such participation would not completely defeat such remainder interests. The result reached in the Appellate Division was affirmed for this reason and also ‘ ‘ for the other reasons stated in the opinion of the Appellate Division.” (Matter of Ricks, 10 N Y 2d 231, 234.)
Matter of Rockefeller (Hubbard) (12 N Y 2d 124) is important because it eliminates from consideration the concept, found in earlier cases, that the exclusionary provision of section 117 rested upon the tenuous basis that legislation was necessary to protect the general public from those ignoble persons who would assume the obligations of parenthood through spite alone and without personal benefit. Because the question before the court was narrow, the decision cannot be regarded as more than a ruling, upon the relevancy of a claim of fraud.
In Upjohn this hovering fear of fraud was the significant factor in determining whether the exclusionary provision in section 117 would play any part in the ultimate decision of the court. There it was said that, because the legislative purpose was to avoid a fraud upon a testator, the testator’s knowledge of the adoption and his failure to exclude the adoptee eliminated any possibility of fraud and the legislative safeguard was rendered inapplicable. However, the threat of fraud was the factor that made the testator’s intention so important in Upjohn, as well as in Ward and Day which followed the Upjohn precedent. It would seem that in Rockefeller the Court of Appeals, by completely eliminating any consideration of a fraudulent motive in the adoption, has rent the fabric of the Upjohn opinion. Still it cannot be concluded that, had the courts not misconstrued the legislative purpose in the enactment of the exclusionary portion of section 117, contrary results would have been attained in the more recent decisions. It appears to this court that, if the restriction in section 117 has any purpose, it is to express a policy which is self-operating and which excludes an adopted child when (1) a remainder to another would be defeated by *727 allowing the adopted child to take and (2) the will itself contains no evident intent to benefit an adoptee. Concededly such an interpretation would not afford an adopted child the status which he otherwise enjoys in modern society but at the earliest enactment of this restrictive provision rights were conferred upon adoptees with some reluctance. It is to be hoped that, if the confusion engendered by the decisions cannot be resolved by our highest court, a solution will be supplied by unambiguous legislation, at least as to the estates of persons who will die in the future. It also seems desirable that, upon re-examination of the problem, a more liberal result be reached.
The facts in the instant case place it within one of the rulings in Matter of Ricks. In that case the Appellate Division’s decision was premised upon the lack of any proof of the testator’s intention to bequeath property to adopted children while the Court of Appeals, in accepting this reasoning, found a further ground for decision in the exclusionary portion of section 117. Here there is no reference in the will to adopted children and extraneous proof does not evidence any intention to benefit adopted children. Consequently the adopted children do not fall within the class of persons designated as “ issue ” in the will and, upon the authority of the Appellate Division’s opinion in Ricks, the adopted children must be excluded. There may be some doubt as to the existence of a second ground for exclusion, the reasoning which was introduced in the Ricks case by the opinion of the Court of Appeals. Upon the face of this will the recognition of the adopted children as issue of their foster mother would defeat the limitation over to the issue of the testator. But here the testator had no issue other than his daughter and, by reason of the absence of other issue of the testator, the trust remainder will pass as intestate property if the adoptees are not entitled to it. Would their taking under such circumstances defeat a remainder within the meaning of section 117 ? It would be logical to conclude that the statute is inapplicable to such a fact situation inasmuch as it would not be sound reasoning to draw a distinction between a will which omits a limitation over and a will which contains an inoperative limitation over. If this is so, the principal ground relied upon by the Court of Appeals in Matter of Ricks is without application here and it is the rationale of the Appellate Division opinion in that case which is wholly controlling. Accordingly it is held that the adopted children are without status in this proceeding and their motion to intervene is denied. The foster parents of the adopted children are parties and, in protecting their positions, they can raise all appropriate objections to the account of the executors.