Joseph A. Cox, S.
This proceeding has been instituted by the testatrix’ granddaughter, a trust beneficiary, to obtain a construction of the testatrix’ will. The will was executed in 1921 and the testatrix died in 1928. The 19th article of the will created a trust for the benefit of the petitioner in this proceeding with the trust income payable to her, under specific restrictions, and, upon her death, the trust remainder payable to her lawful issue. The will contains the following provision: “ In the event that my said granddaughter, Alexandra diana krickl, shall die without leaving issue her surviving, then I direct my said executor and trustee to distribute said residuary estate between the Swedish Home for Aged People in West Brighton, Staten Island and the Swedish Hospital in Brooklyn, share and share alike.”
*540 The petitioner has one natural child and she adopted another child in 1949. The court is asked to determine whether such adopted child has a remainder interest in the trust. The petition suggests that a basis for an affirmative conclusion may be found in the family history inasmuch as the petitioner’s mother, the natural child of the testatrix, was adopted by the testatrix’ second husband and he left a will which made liberal provision for his adopted daughter. A construction of the will is sought at this time, rather than to await the termination of the trust, particularly because of doubt that an elderly witness will be living at such later date and also to permit the petitioner and her husband to plan the dispositions of their estates. The deposition of this witness has been taken and now request is made for a hearing to submit such deposition in evidence and to take further proof to establish and develop the attitude of the testatrix toward adopted children generally.
Although the petitioner’s adopted child was not born until many years after the testatrix’ death, support for the contention that the testatrix’ contacts with other adopted children could be indicative of her testamentary purpose appears in Matter of Ward (9 A D 2d 950, affd. 9 N Y 2d 722) and Matter of Day (10 A D 2d 220). This court had occasion in Matter of Pryor (38 Misc 2d 722) to examine the cited opinions as well as other relevant decisions and the conclusion was reached that in Matter of Rockefeller (Hubbard) (12 N Y 2d 124) the Court of Appeals had rejected the reasoning of the cited cases and, in fact, had reinstated the rationale of the older decisions (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; Matter of Leask, 197 N. Y. 193). In Matter of Upjohn (304 N. Y. 366) the thinking was that, because the testator knew of a particular adoption, he intended to benefit such child. In the Ward and Day decisions this testamentary purpose was extended to encompass adoptees unknown to the creator of the trust when the facts established that the creator’s attitude toward adoptees was generally favorable. This seemingly unreliable basis for the construction of trust language was premised upon the thought that the Legislature, in enacting section 117 of the Domestic Relations Law and its predecessor statutes, was prompted to limit the rights of an adopted child in order to avoid the perpetration of a fraud upon a testator or trust settlor through an adoption having as its sole and deliberate aim the deprivation of the rights of contingent remaindermen. This thought was rejected in the Rockefeller opinion and it follows that such proof intended either to establish fraud upon a testator or to dissipate any suggestion of fraud is no longer acceptable.
*541 In the Pryor decision this court reached the conclusion that the restriction in section 117 of the Domestic Relations Law is expressive of a policy to exclude an adopted child in every instance where a remainder to another would be defeated by allowing the adopted child to receive a remainder interest unless the will can be construed as expressive of a contrary intention. In writing the Pryor opinion this court expressed its dissatisfaction with the operation of the statute and, fortunately, legislative action has been taken to correct this result and to assume a more liberal attitude with regard to the problem. However, the remedial legislation (L. 1963, ch. 406) does not affect this will. Nothing in the text of the will now before the court is indicative of an intention to include an adopted child within the locution “lawful issue” or otherwise to provide a benefit for an adopted child. It must be recognized that the intervention of the adoptee would diminish the share of any other issue of the beneficiary and, in the absence of lawful issue of her blood, would deprive the ultimate remaindermen of any benefit under the will. This result was the basis for the decision in Matter of Ricks (10 N Y 2d 231) and, by reason of the limitation contained in section 117 of the Domestic Relations Law, will be controlling here in the absence of proof that the testatrix intended otherwise. This intention must ‘ ‘ be derived from the text of the entire instrument and, if need be, by the facts and circumstances existing at its making” (Matter of Rockefeller [Hubbard], 12 N Y 2d 124, 133). “ The meaning and intention of the testatrix in the use of the words ‘ lawful issue ’ in her will must be ascertained by the application of the rules and principles sanctioned by the courts of this state in the construction and interpretation of wills ” (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11, 19).
Application of the quoted standards for construing the testatrix’ language will necessarily circumscribe the proof and not permit the wider latitude which would control were any question of fraud upon the testatrix before the court. For the purpose of receiving permissible proof, a hearing will be had.