Van Voorhis, J. (dissenting).
The majority opinion, as it seems to us, overrules Matter of Ricks (10 N Y 2d 231) and rewrites former section 114 of the Domestic Relations Law which was in force when this testamentary trust was created. There is no occasion to construe it narrowly, or to depart from its spirit and intention in order to effectuate a new and different *420 public policy. As between an adopting parent and child, the relationship is the same as of the blood, but where a trust has been created by a third person, as, for example, a grandparent, section 114 later renumbered 115 of the Domestic Relations Law provided that “ the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen. ” It was pointed out in Matter of Leask (197 N. Y. 193, 196) that “ In New York and other states having similar statutes of adoption a limitation, in a deed or will to a child or children or conditioned upon the survivorship of a child or children, is not deemed to include an adopted child where the grantor or testator is a stranger to the adoption.” Many trusts, testamentary and inter vivos, have been created in reliance on that section which is read into the instruments declaring them. The content cannot be changed now without subverting the intention of past settlors and testators in numerous instances. The tendency is strong today to ignore heredity, and to discount the sense of responsibility which formerly existed to make financial provision for the heirs or descendants of the body. It is customary to look askance at the desire of an ancestor to endeavor to protect his bloodlines, insofar as may be done, in the changing circumstances of ensuing generations. The abandonment of regard for one’s descendants is one of the reasons for the increasing sense of irresponsibility toward the support of illegitimate children. If blood does not count, then it is rational to go on the theory that they might equally well be the children of someone else. We are aware of factors which may justly operate to include adopted children among remaindermen, but changes in public attitude or philosophy should not operate retroactively to alter the intent of trust instruments executed under former law and in a different climate of opinion (cf. New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11). Former section 115 of the Domestic Relations Law is read into instruments of trust which became effective in reliance upon it and when it was in force. Testators and settlors are deemed to have known the law in force when their trust instruments became effective, and the written provisions which they made should not be wrenched out of context or be infused with a different meaning from that which they entertained and purposed.
*421 The trust now being interpreted falls exactly within former section 115 of the Domestic Relations Law insofar as the will directs that 11 the principal of the trust fund of such child * * * shall be distributed among his issue him or her surviving in equal shares per stirpes ”. One of the children thus mentioned, whose trust is at issue, was Raymond P. R. Neils on, Jr., who died leaving a daughter of his blood and an adopted son. It is between the latter two that the present contest has arisen. It defeats the rights of his daughter, as remainderman, to one half of the remainder if it passes to the adopted son.
The case does not concern any comparison of the degree or degrees of affection in which the daughter and adopted son may have been held by their natural or foster parents, but the decision is important as a precedent in determining the probable intent of grandparents and other settlors and testators who have created trusts whose funds pass eventually to their lineal descendants. At the time this trust was created, the Legislature had prescribed that adopted children were not intended as remaindermen unless the trust instrument otherwise indicated. Future trusts will be governed by the new statute, but there is no occasion to alter the former statutory rule of construction as applied to trusts which originated while that rule was in force. It has nothing to do with whether the purpose of adoption is to defeat a remainder interest (Matter of Rockefeller [Hubbard], 12 N Y 2d 124).
In our judgment the order appealed from should be affirmed.
Chief Judge Desmond and Judges Dye and Fuld concur with Judge Bergan ; Judge Van Voorhis dissents in an opinion in which Judges Burke and Scileppi concur.
Order reversed, with costs to all parties appearing separately and filing separate briefs payable out of the estate, and the matter remitted to the Surrogate’s Court, Nassau County, for further proceedings consistent with the opinion herein.