S. Samuel Di Falco, S.
In this proceeding to settle her account the trustee has requested instructions as to the distribution of the trust remainder created under Article twenty-third •of the decedent’s will, and in particular, the meaning and effect of the word ‘ ‘ issue ’ ’ as used by this testatrix, who died on May 29, 1932. Under Article twenty-third of her will the testatrix created a trust for the life of her grandniece, Ethel Wynne-Willson, directing the trustee “ upon her death to pay over the principal of the said trust to her issue then living, in equal shares, per stirpes, and in default of issue, the principal of the trust fund shall fall into and become part of my residuary estate.” The life beneficiary grandniece died on March 15,1967. She never bore any natural children but in 1954 she and her husband adopted a child and in 1956 they adopted another child.
The law in effect on the date of the testatrix’ death was section 114 of the Domestic Relations Law, later renumbered section 115, and presently numbered 117 of the Domestic Relations Law. At that time (L. 1931, ch. 562, § 7) it provided in part as follows: ‘' but as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the person adopted is not deemed the child of the foster parent so as to defeat the rights of remaindermen.”
Under a long series of cases such as Matter of Upjohn (304 N. Y. 366), Matter of Day (10 A D 2d 220), Matter of Ward (9 A D 2d 950, affd. 9 N Y 2d 722), and Matter of Park (15 N Y 2d 413), the law was gradually liberalized and ways and means were found, through a finding of intent, to include adopted children among “issue” or “descendants.” This finally led to the enactment by the Legislature of the present section 117 of the Domestic Relations Law which gives adopted children the *879 full rights of natural children and permits them to inherit through as well as from their foster parents.
In the case at bar no showing of intent has been attempted and the court doubts if such intent could be shown. The law enunciated in Matter of Leask (197 N. Y. 193) and Matter of Ricks (12 A D 2d 395, affd. 10 N Y 2d 231) must therefore prevail, as the adopted children in this case, if permitted to inherit, would in fact defeat the rights of the persons designated as remaindermen if the life beneficiary died without leaving issue. (See, also, Matter of Hilts, 5 Misc 2d 862, affd. 4 A D 2d 1013.)
The law now in effect is applicable only to the wills of persons dying after the effective date of that statute, which was March 1, 1964. As hereinabove indicated, this decedent died in 1932 and she obviously had no knowledge of nor gave any thought to the possibility of her grandniece adopting children some 22 years later. For all of the reasons set forth herein the court directs the trust remainder to be distributed to the residuary legatees (Matter of Washburn, 24 A D 2d 83, affd. 17 N Y 2d 895; Matter of Klein, 48 Misc 2d 470; Matter of Strong, 47 Misc 2d 1069).
Submit decree on notice settling the trustee’s account accordingly.