Sidney A. Fine, J.
The question to be determined on this construction application is whether the adopted child of Sir Anthony M. L. Cope is a “ descendant ’ ’ of his within the meaning of the trust agreement here involved.
One of the trusts established by the settlor, who died in October, 1949,. provided that the income was payable to the settlor for her life, and that upon her death the principal was to be set apart into two separate equal trusts, one for the benefit of Joan Penelope Cope Grant, the settlor’s granddaughter, and the other to be held for the use of the settlor’s daughter Edna Frances Cope. The income from the latter trust was to be paid to Edna Cope for life, and, upon her death, was to be applied to the use of the settlor’s grandson, Anthony M. L. Cope, until he attained the age of 30 years, at which time the principal was to be paid to him. If, however, Anthony Cope should die before attaining the age of 30 years, or before the death of Edna Frances Cope, then on the death of Anthony Cope or upon the death of Edna Frances Cope, whichever event should last occur, the principal was to be paid ‘ ‘ to the descendants of said Anthony M. L. Cope then living in equal shares per stirpes, or, if none, to the Settlor’s granddaughter, Joan Penelope Cope, if then living, or, if not, to her descendants ”. The settlor’s daughter, Edna Frances Cope, is still alive. At the time of the settlor’s death her son Anthony was 22 years of age and single. He subsequently married and after several years he and his wife adopted a child, Melissa Mary Angela Cope. The child had been born October 22, 1964 and was taken into the Cope’s custody when she was only four or five weeks old and when Anthony was 37 years old. The formal adoption order was made on April *971 9, 1965. Anthony Co.pe died on May 13, 1966 at about the age of 38 years. The adopted child was the only child of Anthony. She is still alive, as is the settlor’s granddaughter, Joan Penelope Cope.
If the adopted child is a “ descendant ” of Anthony for the purposes of the trust agreement, she is entitled, on the death of the settlor’s daughter, to the principal which would have been paid to Anthony had he survived the daughter. If she is not held to be such a “ descendant ”, the principal would go, on the death of the settlor’s daughter, to Joan Penelope Grant, or, if she does not survive the settlor’s daughter, to Joan’s descendants.
Concededly, the controlling statute in this case is section 117 of the Domestic Relations Law (formerly § 115) as it read in 1963 and in 1949 when the trust agreement was amended and the settlor died. The present section 117 is, by its terms, applicable only to instruments taking effect after March 1,1964.
Section 117 provided, prior to the 1963 amendment, that ‘1 the foster parents or parent and the foster child shall sustain toward each other the legal relation of parent and child and shall have all the rights and be subject to all the duties of that relation including the rights of inheritance from each other.” However, the section contained the additional provision that ‘ ‘ as respects the passing and limitation over óf real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remainder-men ”. (This provision is no longer in section 117, having been repealed by chapter 406 of the Laws of 1963.)
It is clear that to hold that Melissa is a descendant of her foster parent, Anthony, would result in cutting off the remainder rights of Joan Penelope Grant and her descendants. It is likewise clear that under the last-quoted provision of section 117, as it read prior to the 1963 amendment, Melissa, therefore, ‘1 is not deemed the child of the foster parent so as to defeat the rights of remaindermen.” It is immaterial that the adoption of the child may not have been motivated by an intention to cut off those remaindermen who would take in the absence of the adoption. The statutory provision under discussion is not limited to cases where the intent of the adoption was to cut off remaindermen. Its broad language is applicable where the effect of holding the adopted child to be a child of the foster parent would be to cut off the remainder interests. It is true that the Court of Appeals, in Matter of Upjohn (304 N. Y. 366) used language to the effect that the purpose of the provision historically was, in part at least, to prevent the intentional *972 cutting off of remainders by the device of adopting children. The court did not, however, hold that the provision applies only where the adoption is made with such intention. Nor did it hold that the provision was inapplicable because the adoption was not made for the purpose of eliminating remaindermen. Its decision that exclusion of the adopted child may not be predicated upon the statutory provision was based on a wholly different ground, viz., the court’s finding that the evidence clearly indicated that the testator intended the adopted child to take as if it were a natural child. The testator’s intention was, of course, paramount, section 117 being applicable only in the absence of a clear indication of the testator’s or settlor’s intent as to adopted children’s rights.
The conclusion reached by this court that Melissa is not to be deemed the child of Anthony so as to defeat the interests of Joan Penelope Grant and her descendants is squarely supported by the case of Matter of Washburn (17 N Y 2d 895, affg. 24 A D 2d 83). In the Washburn case, the Court of Appeals affirmed a holding by the Appellate Division that the residuary legatees of John T. Washburn, Jr. were to be considered remaindermen and that his adopted child could not take because it would defeat the rights of his residuary legatees to the corpus. At the time of his death, the foster parent, John T. Washburn, Jr., had possessed a remainder interest which passed to his residuary legatees. Although he obviously did not adopt the child for the purpose of defeating his own remainder interest, and there was therefore no basis for impugning the good faith of the adoption, our appellate courts held that the adopted child could not be deemed the child of its foster parent so as to defeat the rights of the residuary legatees of the foster parent.
The decision in the Washburn case (supra) is supported by the prior decision of the Court of Appeals in Matter of Leask (197 N. Y. 193).
Matter of Park (15 N Y 2d 413) cited by Melissa’s guardian ad litem, has no application here. The adoption in that case did not, in the opinion of the majority of the court, result in defeating the rights of remaindermen. There was in existence a natural child of the foster parent. The court merely held that the adopted child was entitled to share with the natural child. The majority opinion stated (p. 417) that the statutory provision against cutting off remainder interests could “ under no possible circumstance * * * apply to a situation where a foster parent left surviving a natural child and an adopted child ”, since “ In such a case a parent would certainly not be one ‘ dying without heirs ’. ’ ’ Remainder interests would not *973 be cut off by the adoption for they were already eliminated by the existence of the natural child.
Matter of Johnson (17 N Y 2d 448) also cited by the guardian for Melissa, presented a situation similar to that in Matter of Park (supra) for there was a natural child as well as an adopted child.
Matter of Silberman (23 N Y 2d 98) also relied upon by the guardian, did not involve the question presented here, as to whether an adopted child may be deemed a child of the foster parent although remainder interests would thereby be affected or eliminated.
In the court’s opinion, the Court of Appeals decisions in Matter of Washburn and Matter of Leask (supra) as well as the clear language of section 117 of the statute, as it read prior to the 1963 amendment, require a holding that Melissa is not a child of her foster parent and that Joan Penelope Grant and her descendants are entitled to the share which Anthony Cope would have received had he survived Edna Frances Cope.
Settle order which shall provide for this court to retain jurisdiction of the pending accounting proceeding.