Morris Aarons, S.
The trustee is rendering its final account of two trusts, one preresiduary and the other residuary, and requests, a determination as to the disposition of the corpus of each. Testatrix died on July 10, 1935. In paragraph Twenty-third of her will dated February 13,1930, testatrix created a preresiduary trust for the benefit of her daughter for life. Upon the beneficiary’s death, the principal is payable to her issue. If she leaves no issue, the corpus is to be added to the residuary estate. The beneficiary died on August 15,1968 leaving no issue her surviving.
In paragraph Twenty-seventh, testatrix created a trust of her residuary estate with one third of the income payable to her surviving spouse and two thirds thereof to her daughter. The trust was to continue for their lives. The surviving spouse died on November 2, 1935. The entire income was thenceforth paid to the daughter. The paragraph provides that if the daughter dies leaving no issue, which she did, then one sixth each of the principal is distributable to two colleges and the balance of two thirds in equal shares to such of the three legatees named in paragraph Fourth of the will ‘ ‘ as shall be surviving and to the issue of such of said three legatees as shall not be surviving but of whom issue shall be surviving, at the time of such distribution, such issue taking per stirpes and not per capita ”. There is no dispute as to the shares payable to the colleges. The three individual legatees were first cousins once removed of the testatrix. All died during the pendency of the trust. One left no issue and consequently there remain two one-third shares to be disposed of. Another legatee died on November 4,1946 and was survived by a natural daughter, Ellen Tilton Wentworth Miller. The third died on June 20, 1958 survived by an adopted son, Eric Wentworth. It is agreed that a one-third share is payable to Mrs. Miller, the natural daughter of one legatee. There is an issue only as to the disposition of the other one-third share, claimed both by the natural child and by the adopted child. It appears that Eric Went-worth was adopted on March 11, 1941 by John Wentworth who had married his mother on January 24, 1938. The adoptee’s *124 name was changed. John Wentworth had no natural children.
The court determines that the factual situation presented herein is similar to that considered in Matter of Schermerhorn decided by Surrogate Di Falco (N. Y. L. J., Aug. 9, 1968, p. 9, col. 6 and affirmed in 33 A D 2d 891 [1969]). In Schermerhorn the testator had created a single trust of his residuary estate and directed that the income be paid equally to his son and daughter. Upon the death 'of either child leaving issue the corpus of the trust was to be divided into two equal parts and one part distributed to the issue of the child so dying. If an income beneficiary died leaving no issue then the entire income was to be paid to the surviving child for his or her life. Upon the death of the survivor of the two income beneficiaries, the principal either remaining or the whole thereof if the first child had died without issue, would go to the living issue of the second child.
Decedent’s son Amos died on August 18, 1966. He had no natural children but had adopted his stepdaughter in April, 1958. Decedent’s daughter was still living and contended that the principal of the half-trust for the benefit of her brother Amos should be added to the principal of the trust still to be held for her benefit. Amos’ adopted daughter argued that she was entitled to the principal of the trust for the benefit of her adoptive father. The court sustained the position of the adopted child and remarked that if the question had been presented before the decision in Matter of Park (15 N Y 2d 413) it would be inclined to hold that the adopted child does not share, keeping in mind that the adoption took place about 21 years after testator’s death on January 19, 1927.
The Schermerhorn decision was affirmed without opinion. However, the same appellate court cited Matter of Schermerhorn in its reversal of a decision of the Supreme Court, New York County (Matter of Hilton, 59 Misc 2d 969 [1969], revd. 36 A D 2d 514 [1971]). The court there stated: “ The Park-Silberman presumption in favor of adopted children extends to circumstances in which the so-called ‘ precautionary addendum ’ (Domestic Relations Law, § 117, deleted by L. 1963, ch. 406) would otherwise be applicable ”, citing Schermerhorn.
In the Matter of Hilton case, the settlor who died in 1949, had established a trust with income payable to herself for life. Upon her death, the principal was to be divided into two equal parts, one to be held in trust for the benefit of the settlor’s granddaughter and the other for the daughter of the settlor. The income from the latter trust was to be paid to the daughter *125 for life, and upon her death, to be applied to the use of the settlor’s grandson until he attained the age of 30 years when the principal would be paid to him. If he died before attaining that age or before the death of the income beneficiary, then upon the termination of the trust, the principal was to be paid to his descendants ‘ ‘ then living in equal shares per stirpes, or, if none, to the settlor’s granddaughter, Joan Penelope Cope, if then living, or, if not, to her descendants ”.
Settlor’s daughter was still living. Settlor’s grandson who had no natural children had adopted a child, Melissa, in 1965. He died in 1966. The issue was whether the adopted child was a “ descendant ” of settlor’s grandson and entitled to the principal which would have been paid to her adoptive parent had he survived the settlor’s daughter. If not, the principal would go on the death of the settlor’s daughter to settlor’s granddaughter Joan Penelope Grant, or if she does not survive, to her descendants. Special Term held that the adopted child Melissa could not share. The appellate court held that she is a descendant of settlor’s grandson and a contingent remainderman of the trust for his benefit.
This court, in Schermerhorn, had distinguished its prior decision in Matter of Notman (56 Misc 2d 877 [1968]) by pointing out that the adopted children therein alone cut off an express limitation over. In the court’s opinion, the situation herein is also distinguishable from that presented in Matter of Carll (34 A D 2d 793 [2d Dept., 1970], revg. the Surrogate of Suffolk County, N. T. L. J. Aug. 22, 1969, p. 11, col. 2, affd. 27 N Y 2d 917 [1970]) on the opinion of the Appellate Division.
In Carll, testator who died in 1902 created a preresiduary trust with two thirds of the income payable to a daughter Maud and one third to a grandson Jesse for their lives. Upon the death of either beneficiary, the whole income was payable to the survivor. Upon the death of the survivor, the trust would terminate and the corpus paid to the issue of Jesse, then surviving, per stirpes. In default of such issue, the principal was to be distributed to decedent’s three children in equal shares. The trust has terminated. Jesse had no natural children but did adopt a child. The objectants were the children of testator’s three children who were named as remaindermen in the event that Jesse had no issue. The Surrogate held that Jesse’s adopted child was entitled to the remainder. He stated that the will had no language indicating that testator intended to exclude adopted children and that the presumption in Matter of *126 Park (15 N Y 2d 413 [1965]) and Matter of Silbermam (23 N Y 2d 98 [1968]) applied.
The Appellate Division, in reversing, stated: “ In our opinion, the Park presumption is not controlling. Bather, the proceeding was governed by the 1 precautionary addendum ’ (Matter of Park, supra, pp. 416-417) in the statute from which the present section 117 of the Domestic Relations Law was derived (Domestic Relations Law of 1896, § 64 [L. 1896, ch. 272], as amd. by L. 1897, ch. 408) ”.
An examination of the briefs submitted to the Appellate Division of this Department in Matter of Hilton (supra) shows that the Appellate Division decision in Matter of Garll was cited by the respondents. As stated aforesaid, this Appellate Division reversed and held for the adopted child. There is no doubt that the adoption in Garll definitely cut off the contingent remainders of decedent’s other children. That is not the instant situation as it also was not that presented in Schermerhorn. In Garll, the cutoff was complete by the adoption. Herein, Mrs. Miller will receive exactly what she expected to receive, no more, no less. If her expectation included the other one third, it would have been deflated by John Wentworth having a natural child. His adoption of a child has the same effect, solely a dilution of her expectancy. ‘ ‘ As adopted children and natural child both bear that [filial] relationship to their parent, their rights are the same unless the testator manifests a desire to keep the property in the hands of those to whom he or the ancestor is related by blood.” (Matter of Charles, 200 Misc. 452, 459 [Surrogate’s Ct., New York County, 1951], affd. 279 App. Div. 741 [1951], affd. 304 N. Y. 776 [1952]). There is no language in the instant will that clearly indicates that the term ‘ ‘ issue ’ ’ as used therein does not embrace adopted as well as natural born children. (Cf. Matter of Park, supra ; Matter of Henderson, 64 Misc 2d 280 [Surrogate’s Ct., Kings County, 1970].)
It is held that a one-sixth share of the trust remainder is payable to each of the two colleges, a one-third share to Ellen Miller and a one-third share to Eric Wentworth.
If counsel desires, an intermediate decree construing the will in accordance herewith may be submitted on notice. A hearing on the objections interposed by Eric Wentworth and the Attorney-G-eneral of the State of New York will be held following receipt by the court of notification that the parties are ready to proceed to hearing.