OPINION OF THE COURT
William J. Regan, S.
Deceased died intestate December 2, 1979, leaving him surviving three sisters and four brothers, one sister and two brothers of which were adopted prior to his death. On December 7, 1979, letters of administration were issued to the Public Administrator of Erie County. In this judicial settlement proceeding involving a gross estate of approximately $78,000, a guardian ad litem was appointed to protect the interests of Eleanor Nelson, George Nelson Wilson and Victor Nelson Wample, who were apparently adopted during the lifetime of the deceased. The present whereabouts of these individuals is unknown to the fiduciary or to the remaining brothers and sisters of the deceased. Whether the three individuals are living or dead, whether or not they married and whether or not they had children is unknown. The question has been raised, however, as to the rights of the adopted sister and two brothers or their respective issue, if any, to participate in the distribution of this estate.
The specific issue raised by the guardian ad litem is governed by section 117 of the Domestic Relations Law, which provides as follows:
“1. After the making of an order of adoption the natural parents of the adoptive child shall be relieved of all paren *1036 tal duties toward and of all responsibilities for and shall have no rights over such adoptive child or to his property by descent or succession, except as hereinafter stated.
“The rights of an adoptive child to inheritance and succession from and through his natural parents shall terminate upon the making of the order of adoption except as hereinafter provided. * * *
“The right of inheritance of an adoptive child extends to the distributees of such child and such distributees shall be the same as if he were the natural child of the adoptive parent.”
The exception mentioned in the above section refers only to that situation where one of the adoptive parents is the natural parent of the adopted child and consents to the adoption. The court is satisfied in the instant case that Eleanor Nelson, George Nelson Wilson and Victor Nelson Wample were adopted prior to the death of the deceased by persons not related to the decedent. The fact that they may have been adopted in another jurisdiction has no bearing inasmuch as the rights of these individuals are to be adjudicated as though they had been adopted under the laws of this State. (Matter of Leask, 197 NY 193.)
Section 117 of the Domestic Relations Law was amended for the purpose of carrying out a possible policy of placing the adopted child so far as possible within the blood lines of his new family for inheritance purposes. The adoptive child inherits by this amendment from his foster parents and their kindred and, at the same time, all inheritance by such adopted child from his natural family is terminated. All ties with the natural family are, accordingly, severed. (Matter of Deflacieuz, 87 Mise 2d 845.)
It is, accordingly, the decision of this court that Eleanor Nelson, George Nelson Wilson and Victor Nelson Wample, their respective legal representatives and/or distributees, have no right of inheritance through this decedent or in his estate.
This decision is incorporated in the decree of this court signed and filed December 29, 1980.