In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of GEORGE S. NICHOLAS, Deceased, Respondent. JOHN TUCKER et al., as Executors and Trustees under the Will of GEORGE S. NICHOLAS, JR., et al., Appellants-Respondents; VIRGINIA T. NICHOLAS et al., Respondents-Appellants.— In a proceeding in the Surrogate's Court, Suffolk County, for settlement of a fiduciary's account and for construction (1) of a will granting a power of appointment, (2) of a will of the donee purporting to exercise the power, and (3) of a partial release of the power executed by the donee, it appears that the donee's will, which was duly admitted to probate in the State of Connecticut, bequeaths the property subject to the power one half absolutely and one half in trust. The decree provides, on the authority of *Matter of Kennedy* (279 N. Y. 255), that the bequest of one half the property

in trust is not a valid exercise of the power and that such property passes as provided in the donor's will in the event of default of exercise of the power. The beneficiary of the donee's will, and the fiduciaries thereunder, appeal from such portions of the decree. The decree further provides that the donee's will sets forth a valid exercise of the power insofar as it bequeaths absolutely one half the property subject to the power, and that the donee by execution of a partial release of the power (for tax purposes under U. S. Code, tit. 26, § 811) did not surrender the power to make such bequest. From such portions of the decree cross appeal is taken by the alternative beneficiaries under the donor's will who would take upon default of exercise of the power by the donee. Decree modified on the law by striking therefrom the provision to the effect that the will of George S. Nicholas, Jr., fails to appoint one half of the trust corpus and that the said property is to be shared by the cross appellants; and by substituting in place thereof provisions to the effect that the donee's will appoints one half of the corpus of the trust, erected by the donor's will, to the appellant-respondent Lillian Morse Nicholas absolutely, and the other one half to her in trust. As thus modified decree unanimously affirmed, insofar as appeals are taken, with costs to all parties filing briefs, payable out of the estate. The informal findings of fact are affirmed. The power of appointment is broad and unrestricted; it evidences an indifference by the donor to regulate or control the donee's selection of beneficiaries or the quality or quantity of their estates. (*Matter of Hart*, 262 App. Div. 190, motion granted and appeal dismissed, 289 N. Y. 646.) The partial release of the power did not cut down the donee's power to appoint in trust. Due probate of the donee's last will and testament in his domicile was sufficiently proved, and it was not necessary to probate the will in this State in order to give the Surrogate jurisdiction to determine if the donee had validly exercised the power of appointment. (Decedent Estate Law, § 22-a.) That the will of the donee was executed in accordance with the law of his domicile seems not to be questioned. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. Settle order on notice. [204 Misc. 965.]