Joseph A. Cox, S.
The petitioning trustee asks that its account be settled, that the court determine whether the power of appointment granted in the testatrix’ will has been exercised validly by the donee and, if a valid secondary trust has been created by such exercise of the power, that the investment powers of the trustee be defined.
The testatrix’ will created three residuary trusts for the respective benefits of her three daughters who were her distributees. The beneficiary of each trust was given a power to appoint the trust remainder. The pertinent text conferring the power to appoint the trust fund here accounted for reads: “ Upon the death of my said daughter, edith la whence sanderson, I hereby direct and instruct my executor and trustee hereinafter named, to pay, deliver over and transfer the capital of the separate trust herein established for her benefit, to such persons and parties and in such parts or proportions as my said daughter, edith Lawrence sanderson, by her last Will and Testament, or by an Instrument in the nature of a last Will and Testament, should direct and prescribe. ’ ’
The daughter mentioned in the above-quoted text survived her mother and upon her own death left a will which contained the following provision: “As regards a certain trust, of which the Guaranty Trust Company of New York is Trustee, established by my mother Margaret B. Sanderson by her Will of March 2, 1908, for my benefit, I hereby exercise my power of appointment and direct that the capital thereof be paid and delivered over to the Guaranty Trust Company of New York in trust however for the benefit of my niece Margaret Antiblian to whom the income is to be paid during her life.
“ Upon the death of my said niece this trust is to terminate and I hereby direct and instruct the Trustee to pay, deliver over and transfer the capital of tlie trust herein established for her benefit, to such persons and parties and in such parts *613 or proportions as my said niece, by her last Will and Testament, or by an Instrument in the nature of a last Will and Testament, should direct and prescribe.
‘1 In case my niece Margaret does not exercise this power of appointment then I direct that the capital of this fund shall be divided equally between her children or their descendants per stirpes.”
There is no suggestion that if the terms of the daughter’s will were to be effectuated any unlawful suspension of a power of alienation would result. Construction of the daughter’s will is required solely to determine whether the daughter has exercised the power of appointment in conformity with the provisions of her mother’s will. There is ample authority and precedent for holding that the donor’s will granted a general power which permitted the donee thereof to appoint either a fee or a lesser estate. (Matter of Wildenburg, 174 Misc. 503; Matter of Walbridge, 178 Misc. 32; Matter of Nicholas, 284 App. Div. 971; Matter of Hart, 262 App. Div. 190.) Matter of Kennedy (279 N. Y. 255) so often has been declared to be a decision limited to its particular facts that to distinguish it again would be tilting at windmills.
The donor’s will authorized the trustee thereunder to invest the trust fund in nonlegal investments. The donee’s will appoints the same corporate fiduciary as trustee but omits any reference to the trustee’s investment powers. The rule applicable to this situation is stated in Matter of Culver (57 N. Y. S. 2d 598, 608-609) where Surrogate DsLEHAnTY said: “ The court holds that the powers granted by the donee’s will are to be superimposed upon those granted by the donor. Where the powers do not conflict no question will arise and the trustees’ authority is found by reading both instruments together.” The failure of the donee to confer any investment powers in her will would require a fiduciary appointed thereunder to comply with statutory investment requirements, but the trustee of the secondary trust created by the exercise of the power is a fiduciary acting under the donor’s will, as extended' by the applicable testamentary directions of the donee, and it follows that the trustee’s powers are fixed by the donor’s will unless some limitation has been placed thereon by the donee. The donee was chargeable with knowledge of this and her silence is to be interpreted as an acquiescence in the continuance of the pre-existing powers. It is held that the investment powers granted in the will of the donor are effective in the administration of the secondary trust.
Proceed accordingly.