Maximilian Moss, S.
In this proceeding for the judicial settlement of the trustee’s final account, the trustee prays for a construction of testator’s will to determine the validity of the power of appointment exercised by testator’s daughter, Martha. Testator died October 29, 1902. He left his residuary estate in trust with one third of the income therefrom to his widow for life, and two thirds of the income to his four daughters equally. The primary trust ended upon the widow’s death on February 10,1907. The remainder then continued in secondary trusts for each of the daughters with income to them for their respective lives, and upon death the remainder to their respective issue, if any, equally, and if none, in the manner provided under her last will and testament.
Testator’s daughter, Martha, executed and delivered on September 28, 1951 an instrument whereunder she released, renounced, relinquished and surrendered the power of appointment so granted to the extent that such power might be exercised in favor of any beneficiary or beneficiaries other than her descendants, the descendants of her father and mother and the donees described in subdivision (d) of section 811 of the Internal Revenue Code then in effect. The said release was permissible pursuant to the provisions of section 183 of the Real Property Law, and apparently was made for tax purposes (Matter of Chase Nat. Bank, 102 N. Y. S. 2d 124, 127) and did not cut down the donee’s power to appoint in trust (Matter of Nicholas, 284 App. Div. 971) if otherwise valid.
Martha thereafter executed her last will and testament April 2, 1954 and died on January 29, 1960, survived by her sister Louise and a niece, a child of a predeceased sister, as her only distributees. Under her will Martha gave to her sister Louise one half of her residuary estate and gave the other one half in trust for the lifetime benefit of Louise, with discretionary power in the trustees to invade the principal for Louise’s support, maintenance and general welfare. Upon Louise’s death the remainder was given to a membership corporation. The will does not specifically refer to the power of appointment, but as the donee’s will disposes of her residuary estate, the appointed property passes thereunder (Lockwood v. Mildeberger, 159 N. Y. *95 181; Personal Property Law, § 18). The appointments thus made were to a person and corporation within the class limited by the aforesaid partial release.
When Martha executed her will in 1954, sections 178 and 179 of the Real Property Law provided that where a power of appointment was exercised, the permissible period of suspension of the power of alienation was to be computed from the time of the creation of the power, and not the time of the exercise of the power, and that an estate could not be given by appointment unless the estate would have been valid if given at the time of the creation of the power. Under those provisions, Martha could not appoint in further trust that portion of the appointed property which consisted of the original trust for her mother and herself as they had subsisted for those two lives (Bishop v. Bishop, 257 N. Y. 40, 51 and cases cited).
Sections 178 and 179 of the Real Property Law were amended however by chapter 456 of the Laws of 1959, effective April 16, 1959, to provide that the validity of the exercise of a power of appointment granted or reserved prior to September 1, 1958, exercised by an inter vivos trust instrument executed on or after that date, and to all wills of persons dying on or after that date, shall be determined by the law in effect at the time of the execution of the power and not the law in effect at the time of the creation of the power. Section 11 of the Personal Property Law and section 42 of the Real Property Law were amended by chapters 152 and 153 respectively of the Laws of 1958, effective September 1,1958 to permit the suspension of the power of alienation, from the previous restriction of ‘ ‘ two lives in being 5 ’ to “lives in being” at the creation of the estate. Martha’s sister, having been in being when the estate was created by the testator herein the appointment to her in further trust came within the permissible period of suspension of the power of alienation.
In connection with the amendments to sections 178 and 179 of the Real Property Law, Professor Robert S. Pasley, in his article “ The 1960 Amendments to the New York Statutes on Perpetuities and Powers of Appointment ” (45 Cornell L. Q. 679), observed that while the amendments to these sections were effective as of April 16, 1959, they were retroactive to September 1, 1958. He pointed out (pp. 684-685) that the substitution of a new and more liberal test for determining the validity of an estate or interest given or limited after the effective date of the amendments by an instrument executing a power created or reserved prior to that date, has support in the statutes of other jurisdictions and in learned comment. The court adopts the *96 opinion of the learned Professor Pasley as expressed in said article (see, also, Future Interests, by Professor Bertel M. Sparks, Consultant to N. Y. Law Revision Commission, 33 N. Y. U. L. Rev. 1193-1203; and Accumulations and Perpetuities, by Charles Looker, Esq., articles, N. Y. L. J., May 4, 1959, p. 4, col. 1; May 12,1960, p. 4, col. 1; May 13, 1960, p. 4, col. 1). The power of this State to regulate testamentary dispositions of property is undoubted where the law applies to instruments of transfer taking effect after the date of enactment (Fisher v. Fisher, 253 N. Y. 260, 263, 264). As Martha died subsequent to the effective date of the amendments to sections 178 and 179 of the Real Property Law, the court determines that Martha validly exercised the power of appointment granted her under testator’s will and codicil, and that the property remaining in the hands of the trustee shall be transferred and paid over to the appointees of Martha named in paragraph “ Third ” of her will as set forth in the petition.