Pierson R. Hildreth, S.
This is an independent construction proceeding by the executors and trustees to determine the validity of article “ second ” of decedent’s will.
Decedent died March 4, 1963 leaving a brother, Henry Stott Williams, as his sole distributee. The said brother is unmarried and has never had a wife or children. Decedent owned property in his own right and was also the donee of two testamentary powers of appointment. One power derived from the will of his father who died May 21, 1931. The father’s will created a trust of which a son who is the decedent was income beneficiary for life, with the principal passing to such persons as the son should appoint by his will and with other provisions to be effective in default of such appointment. The other power derived from the will of decedent’s grandfather who died December 21, 1935. Under that will a trust was created of which this decedent became *299 income beneficiary with principal passing to snch persons as the grandson, who is this decedent, might appoint by his will with other provisions to take effect in default of such appointment. This decedent and his brother, Henry, were each living at the date of death of their father in 1931 and of their grandfather in 1935.
Decedent’s will was made September 1, 1960. The entire estate is disposed of under article “ second” which reads as follows:
1 ‘ second : I give, devise and bequeath all of my property, real and personal, of every sort and description and wheresoever located to my Trustees hereinafter named, in trust, nevertheless, to hold said property for my brother henry stott williams and to pay or apply the income thereof and therefrom to the use of my said brother or for his benefit during his life, and upon the death of my said brother leaving no wife or children him .surviving, I give the entire principal of said trust and any income then accrued thereon to my first cousins hereinafter named in paragraph B of this Article second of this my Will, or to such of them as may be living at the time of my said brother’s death in equal shares per capita.
“A. If after the creation of the trust for my said brother he shall die leaving a wife and/or his children him surviving, or if he shall have predeceased me leaving a wife and/or children me surviving, I direct my said Trustees to continue to hold said trust fund or to hold said property in trust, as the case may be, for the benefit of my brother’s said wife and/or children during her life and to pay to or apply the income therefrom to the use of my brother’s said wife and/or children so long as my brother’s said wife shall live (subject to the later provisions of Article eourth of this my Will) and upon her death to pay over the principal of said trust fund to the children of my said brother then living and to the child or children of any deceased child of my said brother, in equal shares per stirpes and not per capita.
“ B. If the wife of my said brother shall die leaving no child or children of my said brother and no child of a deceased child of my said brother, I give the entire principal of said trust and any income then accrued thereon to my first cousins hereinafter named or such of them as may be living at the time of my said brother’s wife’s death in equal shares per capita: Ichabod Thomas Williams, Barbara Williams Throop, Rosalie Neilson Williams Post, Sybil Kane Williams Miller, Anne Cutler Williams Tilney, Dorcas Oakley Ferris Cummings, Morris Douw Ferris, Jr.”
*300 In .substance, decedent’s will left Ms estate in trust to pay the income to his brother, Henry, for his life and then to such brother’s wife for her life. It then provided that upon the death of the survivor of the brother and the brother’s wife the principal pass to such of the brother’s children as were then living. If no such children were then living the principal would pass to such of the named seven first cousins as were living at the death of the .survivor of the brother and brother’s wife. Six of the named first cousins have survived decedent and are living at this date. There is thus a primary trust for the life of decedent’s brother and a secondary trust for the life of the brother’s unnamed wife. Does the will create a valid trust and does it constitute a valid and effective exercise of the two powers of appointment, in view of the fact that the brother, Henry, has no wife and there is a possibility that if he acquires a wife she might be a person who was not in being at the time of creation of the interests ?
Provided the provisions of the will are valid, the will exercises the powers of appointment even though the will makes no specific mention of the powers of appointment since it disposes of decedent’s entire estate. (Personal Property Law, § 18; Real Property Law, § 176.)
Under section 11 of the Personal Property Law, as amended by chapter 448 of the Laws of 1960, effective April 12, 1960 (when the instrument containing the limitation is a will) the absolute ownership of personal property shall not be suspended for a longer period than during the continuance and until the termination of lives in being at the death of the testator and a term of not more than 21 years. Under sections 178 and 179 of the Real Property Law the validity of an interest created by an instrument in exercise of a power is determined under the law in effect at the time of exercise of the power and not the law in effect at the time of creation of the power. Therefore, since in this ease the powers are exercised by the will of decedent who died in 1963 the law then in effect governs as to the permissible period of suspension of absolute ownership. For the purpose of measuring lives in determining the permissible period of suspension the instrument exercising the power is read back into the instrument creating the power. (Low v. Bankers Trust Co., 270 N. Y. 143, 148.) It thus follows that decedent’s will is valid and the powers are validly exercised so long as the measuring lives are of persons in being at the time of creation of the power. As to decedent’s will itself, that date is March 4, 1963; as to exercise of the power under the will of decedent’s father the date is May 21, 1931; as to the exercise of the power *301 under the will of decedent’s grandfather, that date is December 21,1935.
Under the provisions of section 11-b of the Personal Property Law and section 42-e of the Eeal Property Law as added by chapter 452 of the Laws of 1960, effective April 12, 1960 the court holds that the trust created under article 61 second” of the decedent’s will is valid and that also the exercise of both powers of appointment are valid. The purpose of these sections was to save from invalidity a disposition limited by reference to a spouse of a named person when the reference might possibly include a person not in being at the time of creation of the estate. It is presumed that the creator of the estate or interest intended the interest to be valid (Personal Property Law, § 11-b, subd. 2). Subdivision 3 provides that “ Where an interest would, except for this subdivision, be invalid because of the possibility that the person to whom it is given or limited may be a person not in being at the time of the creation of the interest, and such person is described in the instrument as the spouse of another person, without other identification, it shall be presumed, unless a contrary intention appears, that such phrase was intended to refer to a person in being on the effective date of the instrument.” The effect is to read such statutory rule into decedent’s will so that the disposition limited to the brother’s unnamed wife is deemed to refer to a wife who is or will be a life in being on the effective date of the instrument.
Thus, as to decedent’s will as a disposition of his own property, the limitation to the brother’s wife will be deemed to refer to a wife in being when the will took effect, namely, the date of decedent’s death March 4, 1963. Whether or not the brother’s wife, if he ever has one, will meet that limitation will be known at the latest when the brother dies, so that the determination will of necessity occur within lives in being at the date of creation of the interest and within the permitted period of suspension. The secondary trust for the brother’s wife and the remainders will take effect and be distributed according to the situation then existing.
Likewise, as to the exercise of the power of appointment under the father’s will the limitation to the brother’s wife will be deemed to refer to a wife in being when the father’s will took effect May 21, 1931. Whether or not the brother’s wife, if he ever has one, will meet that condition will be known at the latest when the brother dies, and thus within lives in being when the father’s will took effect. The secondary trust and remainders will take effect and be distributed accordingly.
*302 Likewise, as to the exercise of the power of appointment under the grandfather’s will the limitation to the brother’s wife will be deemed to refer to a wife in being* when the grandfather’s will took effect December 21, 1935. Whether or not the brother’s wife, if he ever has one, will meet that condition will similarly be known when the brother dies and the secondary trust and remainders will take effect and be distributed accordingly.