John D. Bennett, S.
In this proceeding to settle the account of the executors, the court is required to construe the decedent’s will to determine the status of a grandchild by adoption.
The decedent died on April 27, 1959 leaving her surviving 5 sons and 17 grandchildren. The decedent’s will was executed on October 2,1954. At the time of the decedent’s death, 1 of her children, Robert M. Grace, had 2 natural children and 1 adopted son. Said child was adopted on September 12, 1958, which was after the execution of the will but before the decedent’s death.
Paragraph “Fifth (a) ” of the will provided that the decedent’s residuary estate be divided into five equal shares to be held in separate trusts. Paragraph “ Fifth (b) (1) ” provides that the share provided for in “ Fifth (a) ” be held in trust for the life of her child and the income is to be distributed to “ such one or inore of the living issue of said son, and in such proportions as between such issue, as my said son shall designate ” and “ in the absence of such designation ” the trustee is “to pay over such income to # * * said issue, in equal portions, per stirpes.” Remainders and contingencies provided for in the will also use like verbiage.
*879 The issue is whether or not the adopted child is included within such designations.
Courts have frequently found this question so troublesome, with decisions often so seemingly irreconcilable and litigation so frequent, that the Legislature in 1963 amended section 117 of the Domestic Delations Law and section 49 of the Decedent Estate Law on the recommendation of the Temporary State Commission on the Law of Estates, effective March 1, 1964, to provide that adopted children are included within such terminology unless specifically excluded in the will or other instrument.
It would appear that the revisions were made to “ resolve doubts ” (see Decedent Estate Law, § 49, Legis. n.). The Court of Appeals in Matter of Park (15 N Y 2d 413, 416) states that the law in New York for 80 years was that natural and foster children were to be treated equally and that the revisions in our laws were merely to clarify this position and not to create new law. The court held that the “ judicial difficulty ” with the adoption issue had only to do with that portion of the prior section 117 of the Domestic Delations Law (former § 114, re-enacted as § 115 by L. 1938, ch. 606, renum. § 117 by L. 1961, ch. 147) which provided that ‘ ‘ the passing and limitation over ’ ’ of property “dependent * * * on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent ’ ’ so as to defeat the rights of remaindermen.
The court in Matter of Park (supra, p. 417) held that adopted children were to be treated equally with natural children and if there were no natural children but only the adopted child, said child would still take as there is a presumption that the ‘ ‘ testator or settlor must know ” New York policy that an adopted child has the same ‘1 ‘ legal relation ’ to the parent as a natural child.” They appear to say that section 117 of the Domestic Delations Law would apply only where an adopted child remains with no natural issue of his foster parent and the presumption in his favor is overcome by showing his inclusion to be contrary to the testator’s or settlor’s intent. This holding appears to have overruled Matter of Ricks (10 N Y 2d 231); Matter of Rockefeller (12 N Y 2d 124) and Matter of Leask (197 N. Y. 193) and even Matter of Upjohn (304 N. Y. 366) as far as the presumption that adopted children are to be included in estates is concerned. New York Life Ins. & Trust Co. v. Viele (161 N. Y. 11) does not control since it was before our 1887 statute (L. 1887, ch. 703) which stated that adopted children are to be treated as equals to natural children (Matter of Park, supra).
This narrow interpretation of former section 117 of the Domestic Delations Law appears to indicate that said section *880 was intended only to bar the perpetration of fraud on the rights of remaindermen (Matter of Upjohn, supra), and it is necessary to overcome the presumption that the decedent intended to have the adopted child share as though he was the natural child.
In the case before this court, since the son has natural children and would not die without having had natural issue, and there is an absence of an explicit purpose stated in the will to exclude the child, this matter does not come within the limitation against adopted children as set forth in section 117 of the Domestic Relations Law. Therefore, the adopted child of the testatrix’ son should be treated like the natural issue of said son and where provisions in the testatrix’ will refers to her son’s “issue”, “ descendant ”, “ child ”, or other generic terms expressing the parent-child relationship, the adopted child is to be included in such classification. The case before the court cannot be distinguished from the Parle case (supra) solely because in this case the adopted child takes directly while in the Parle ease he takes by substitution.
The objections set forth by the special guardian are dismissed.
The accounting is approved as filed.
Settle decree on five days’ notice, with three additional days if service is made by mail.