John M. Keane, S.
“A frequent and troublesome source of litigation in recent years has been the recurrent problem of whether the use in a will or deed of a class designation such as ‘ children, ’ ‘ heirs, ’ ‘ descendants ’ or 6 issue ’ includes adopted children.” So begins Report No. 1.3B in the Second Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates (N. Y. Legis. Doc., 1963, No. 19, pp. 163-177,164). Upon recommendation of the commission, the Legislature has enacted chapter 310 of the Laws of 1963, creating section 49 of the Decedent Estate Law and chapter 406 of the Laws of 1963 amending section 117 of the Domestic Relations Law. This legislation gave an adopted child all of the rights of a natural child when a will or other instrument provides for the devolution of property rights to a class, unless the instrument specifically provides to the contrary. In both instances the legislation was prospective only and did not apply to instruments which were impossible of amendment.
Thus, as to irrevocable and unamendable instruments executed prior to March 1, 1964, the effective date of the legislation, the statutes then in existence must apply. These statutes have been the subject of much litigation, described at length in the report above mentioned. In this judicial settlement of accounts, *1070 should the philosophy of today, embodied in section 117 of the Domestic Relations Law and section 49 of the Decedent Estate Law, which places the adopted child within the blood lines of the foster family for all purposes, prevail in a construction of a will executed over 60 years ago ?
Cyrus Strong executed his will on November 12, 1904. He died on January 5, 1906 and his will was duly admitted to probate in this court. His testamentary plan was uncomplicated.
After making certain bequests and devises immaterial to this proceeding, he left one third of the residue of his estate to his second wife outright. The remaining two thirds of the residue was placed in trust for the benefit of the three children of his second marriage. They were to receive the income from the trusts for their benefit until each attained the age of 25 years. At that time each would receive one half of the corpus of the trust created for his benefit. The balance was held in trust for each during his remaining lifetime.
Cyrus Strong left him surviving three sons by his second marriage, Harold L. Strong, B. Hepburn Strong and John D. Strong. As these three children each attained the age of 25 years, one half of the corpus set aside for their particular benefit was paid over in appropriate accounting proceedings in this court.
The remainder of each trust was disposed of as follows: “ # * * and upon the death of my said children respectively, to pay, transfer and convey the principal of said trust property then held for his or her benefit, to the issue of such child, free and discharged of all trusts; in case any of my said children shall die before attaining the age of twenty-five years, leaving issue surviving, then I direct that the trust property held for the benefit of such child shall be paid, transferred and conveyed, in equal shares, to such issue, and if any of my said children shall die without leaving issue surviving, to pay, transfer and convey the share of the trust property held for the benefit of such deceased child, in equal shares to such of my children, including my said son, Cyrus M. Strong, as shall then be living, or if one only, then to such child and to the issue of any deceased child, such issue to take the parent’s share by right of representation, free and discharged of all trusts.”' (Emphasis supplied.)
Cyrus M. Strong mentioned in the quoted section of the will, ■a child of decedent’s first marriage, died without issue on June 17,1912.
John D. Strong died December 26, 1961, leaving children surviving him. By a decree of this court made on July 22, *1071 1964, the corpus which had been held for the benefit of John D. Strong was paid to his children.
We now come to the problem presently before the court. B. Hepburn Strong died February 16, 1964, leaving no natural children surviving, but leaving one adopted child, Linda Strong Holland. If Linda Strong Holland were the natural child of B. Hepburn Strong, she would take the corpus of the trust which had been held for his benefit. Does the fact that the will uses the words “ issue of such child ” bar Linda Strong Holland from receiving the corpus of this trust?
Linda Strong Holland has not appeared in this matter. Counsel for the adult children of John D. Strong and the special guardian for the minor child of John D. Strong have both taken the position that Linda Strong Holland is not entitled to the corpus of the trust held for the benefit of B. Hepburn Strong, her foster father. They both contend that the corpus is payable in two equal shares, one to the surviving son of the decedent, Harold L. Strong, and the other to the children of John D. Strong, a deceased son of the decedent.
The report in Legislative Document (1963) No. 19 (supra, pp. 163-177) was dated January 8, 1963. It would serve no purpose to review the irreconcilable judicial interpretations which are critically analyzed in the report. The problem before this court is a situation covered by the language relating to limitations over in the unnumbered paragraph of section 117 of the Domestic Relations Law as it appeared immediately prior to the amendment made by chapter 406 of the Laws of 1963.
Does the language of Matter of Park (15 N Y 2d 413), decided earlier this year, affect a will such as the one before this court?
That case did not involve what is referred to in the Park opinion as the “precautionary addendum” in section 117 of the Domestic Relations Law as it existed prior to March 1, 1964. In Matter of Park (supra, p. 416) the will stated that the corpus ‘ ‘ shall be distributed among his issue him or her surviving in equal shares.” Thus there was no limitation over in default of issue. The income beneficiary had a son but he predeceased her, leaving one natural daughter and an adopted son. The precise question concerned the disposition of the remainder. The Court of Appeals determined that the natural daughter and adoped son shared equally.
It would seem to this court that the basis for the decision of the Court of Appeals is found at page 418 in the following paragraph: “If one looks at the cases in this court which followed upon the enactment of the statute measured against *1072 the precautionary addendum prohibiting the use of the adoption device to frustrate remainders, it will be seen the sense in which the statutory purpose was usually read was to treat the rights of an adopted child for all purposes as those of a natural child unless the act of adoption itself and alone cut off a remainder. ’ ’
In the Park case there were two significant facts. First, there was no limitation or gift over. Secondly, and more significantly, the act of adoption itself could- not cut off the remainder because the son of the life tenant left a natural daughter to take as remainderman. As the court pointed out at page 417, the ‘ ‘ precautionary addendum ’ ’ was not applicable in that case.
The facts in the matter before this court are different. Here the income beneficiary, B. Hepburn Strong, did not have any natural child. He was survived by one adopted daughter, Linda Strong Holland. We must keep in mind also that this will was made over a half century ago when adoption was not as widespread as it is today. The language of the instrument before the court is that in which a man seeks to keep his property within the confines of his own blood lines. The adoption in question occurred after his death. There is nothing in the will to indicate that he favored or disapproved of adopted children but this decision will not be made on that basis.
In Matter of Johnson (41 Misc 2d 314 [1963]) Mr. Surrogate Cox, under facts similar to those before the court, concluded that the adopted child did not have a remainder interest in the trust. This decision was -affirmed by the Appellate Division in 23 A D 2d 535 (1965).
Subsequent to the decision of Matter of Park (supra), Matter of Grace (46 Misc 2d 878 [1965]) was decided by Mr. Surrogate Bennett whose original decision in Matter of Park had been reversed by the Court of Appeals. In Matter of Grace, there was no limitation over in event -of failure of issue, according to the language in the decision. Again it was a question of whether an adopted child shared with two natural children as remaindermen. In the decision, the language of Matter of Park is discussed with the observations concerning the implications of the decision.
This court does not believe that Matter of Park stands for the proposition that the adopted child, there being no natural child, will prevail to defeat remaindermen where there is a limitation over unless there is proof showing that his inclusion would be contrary to the testator’s or settlor’s intent. This court believes that the Court of Appeals was making one more *1073 effort to limit the areas of litigation involving adopted children as members of a class.
Such a goal is laudable but only time will tell whether or not Matter of Park achieved this end. In view of the previous litigation outlined in the report mentioned (N. Y. Legis. Doc., 1963, No. 19, supra) it does not seem likely that litigants will be deterred from asserting that their situation varies in some degree from the decided cases.
If the underlying concept that has existed in this State for many years to the effect that adopted children have all the rights of natural children is followed to its logical conclusion, then of course adopted children would take on limitations over. The limitation was not restricted by its language to instances involving fraud or calculated attempts to defeat remaindermen. It would appear to this court that it existed because the legislative policy up until 1963 gave adopted children, whenever they were adopted, all of the rights of natural children except the right to defeat the interest of remaindermen where there was a limitation over in the devolution of the property.
As to the immediate future, the Legislature has spoken. Under the language in the will before the court, an adopted child would take the same as a natural child if the will were executed subsequent to March 1, 1964. This will must be interpreted in the light of the time of its execution and probate in order to carry out the intent of the testator as long as that does not conflict with public policy and in accordance with relevant statutes.
Therefore, this court holds that Linda Strong Holland, the adopted daughter of B. Hepburn Strong, a deceased son of Cyrus Strong, is not entitled to the corpus of the trust established for the benefit of B. Hepburn Strong. The corpus will be paid in two equal shares, one to Harold L. Strong, the surviving son of the decedent, and the other to the children of John D. Strong, a deceased son of the decedent.