W. Vincent Grady, S.
The petition herein prays for the judicial settlement of the accounts of the trustees and for a con *519 struction of the validity and effect of the last will and testament of testator and the appointment thereunder of Eugene Reynal and for the issuance of letters of trusteeship to Katherine B. Reynal and for the setting of compensation of the attorneys and the matter having duly come on before this court after the service of citations and the court having appointed Edward V. K. Cunningham, Jr., an attorney at law of 54 Market Street, Poughkeepsie, New York, as guardian ad litem for William Andrew Reynal, Carmen Luz Reynal and Michael Louis Reynal, infants herein and a memorandum having been submitted on behalf of petitioners and a report of the guardian ad litem having been filed herein and the court having reviewed the will and the papers filed and after due deliberation thereon, decides and finds as follows:
The instant proceeding was brought by the petition of United States Trust Company from New York as the surviving trustee of the trust created by the will of Eugene S. Reynal for Ms son Eugene Reynal for (1) an instruction to the trustees as to the validity of the purported exercise by the will of Eugene Reynal of a testamentary power of appointment pursuant to the testator’s will, (2) a judicial settlement of the accounts of the trustees, and (3) a determination of the commissions payable to the petitioner as surviving trustee.
It appears that the infants who are represented by the guardian ad litem are interested in the instant proceeding by reason of the following circumstances:
(a) The testator herein is Eugene S. Reynal, who died on December 31, 1939, a resident of Dutchess County, New York, and whose will was admitted to probate in this court on January 15,1940.
(b) The infant wards herein are the three grandchildren of the testator’s son, Eugene Reynal, who died on March 20, 1968, a resident of New York County, New York, and whose will was admitted to probate on March 26, 1968, by the Surrogate’s Court of New York County. Eugene Reynal left him surviving his wife, Katherine B. Reynal, a natural son, Anthony Reynal (from whom there has been no issue), and an adopted son, Eric Y. Reynal, who is the father of the three infants constituting the infants herein.
(c) Eugene Reynal was a beneficiary, as well as a trustee, under a trust created by the will of his father, Eugene S. Reynal, the testator herein. Pursuant to that trust, Eugene Reynal was entitled to the net income from that portion of the trust corpus which had been set aside for his benefit and, in addition, was *520 entitled to appoint such corpus, 1 ‘ in such estates, interests and proportions ” as he ‘£ shall in and by his last will and testament in that behalf direct, limit and appoint,” to a class of persons consisting of the testator’s issue and the spouses of such issue. In default of such an exercise of the power of appointment, Eugene S. Beynal’s will provided that the property subject to the power would be given absolutely to the issue of the child possessing the power or, if the child were not survived by such issue, then absolutely to the testator’s issue then surviving.
(d) By his will, which was admitted to probate as mentioned above, Eugene Beynal purported to exercise the power of appointment given him pursuant to his father’s will, as set forth above. Eugene Beynal’s will provided, in pertinent part, that ‘1 in exercise of said power of appointment I provide as follows:
Section I
££ If my wife Katherine B. Beynal or my son Anthony Beynal shall survive me I direct that upon my death the trustee or trustees then in office of said trust shall continue to hold all property then belonging to the principal of said trust in further trust, during a trust term to be measured by the lives of such of my wife and said son as shall survive me, to collect and receive the income thereof and pay the net income to my wife during her life and after her death, or after my death if she does not survive me, to such of my issue as shall from time to time be living during the trust term; and upon the death of the survivor of the persons whose lives shall measure the trust term the trustee or trustees then in office of said trust shall convey and deliver and I give and bequeath all property then belonging to the principal of said trust absolutely to my issue then living, or in default of such issue to such of my nephews Louis Beynal Norris and Alfred Norris as shall then be living and to the issue then living of such of my said nephews as shall have theretofore died leaving issue then living.
‘ ‘ In case it shall be determined by the final judgment or decree of a court of competent jurisdiction that I have no power to direct that said property be held in further trust for my wife, I hereby appoint the said property to my wife to be held and enjoyed by her during her life, and upon her death I appoint the same to my issue then living, or in default of such issue to such of my said nephews as shall then be living and to the issue then living of such of my said nephews as shall have theretofore died leaving issue then living.
*521 Section V
“ I direct that this will shall not operate as an exercise by me of said power of appointment except to the extent and in the manner in this article expressly set forth.” Eugene BeynaFs will further provided that his adopted son, Eric Y. Beynal, would be deemed his child and issue for all purposes of his will.
The questions presented by the trustee’s request for instructions cover the validity of the purported exercise by the will of Eugene Beynal of the testamentary power of appointment pursuant to the testator’s will:
I. Whether the testator’s will should he construed to authorise an appointment in further trust.
The threshold consideration is the testator’s intention regarding the power of appointment, as reflected in his will, and specifically whether an appointment in further trust is authorized. The testator’s will provides that, upon the death of each of his children, the capital of the respective trust created for that child’s benefit will be given “ unto such person or persons out of a class composed of my issue and the spouses of such issue and in such estates, interests and proportions as such child shall in and by his last will and testament in that behalf direct, limit and appoint ’ ’. In providing that the power of appointment may be exercised “in * * * behalf ’ ’ of members of the class ‘1 in such estates, interests and proportions ’ ’ as the child may direct, it is apparent that the testator intended to authorize the child to make a testamentary gift of any interest in the property whatsover, whether an income interest, life interest, or otherwise, and by any means the child might deem appropriate, including a trust, or any other device to accomplish the gift thus made. Any other construction would imply that the testator’s inclusion of the words, “in such estates, interests and proportions,” have no significance.
Moreover, judicial precedent indicates that such language as that found in the testator’s will should be construed to authorize an appointment in further trust. The Appellate Division of the Supreme Court, First Department, was faced with a similar problem in Matter of Hart (262 App. Div. 190, app. dsmd. 289 N. Y. 646 [1942]). In that case, the testator left the residue of his estate in trust, the income payable to his nephew for his life, the testator further conferring a testamentary power of appointment upon his nephew, as follows (p. 191): “ from and immediately after the death of my said nephew, then to grant, convey, assign and pay over the corpus or principal of the *522 trust estate from which my said nephew was in his lifetime entitled to receive the income to such person or persons and in such manner and in such shares as he shall by his Last Will and Testament in writing appoint in fee simple absolutely.” The donee nephew provided in his will for a further trust of the principal of the subject trust corpus, with income payable to his wife during her lifetime. The court, discussing the applicable authorities at length reversed a contrary decision by the Surrogate and held that, by authorizing his nephew to dispose of the principal of the trust ‘ ‘ in such manner ’ ’ and 1 ‘ in such shares ’ ’ as the nephew might by his will appoint, the testator had authorized the appointment in further trust, inasmuch as such language indicated the testator’s indifference to the quality or manner of estate appointed. The court distinguished the case upon which the Surrogate had relied, Matter of Kennedy (279 N. Y. 255 [1938]) in which the Court of Appeals had held that simple power to appoint by will, without any language relating to the manner or quality of the estate to be appointed, did not authorize an appointment in further trust. Also to be distinguished from the instant case, as well as the case of Matter of Hart (supra) is Matter of Nichols (284 App. Div. 971, affd. 308 N. Y. 971 [1955]), which involved a situation almost identical to that in Matter of Kennedy (supra).
A further question respecting the testator’s intention is involved. In 1936, when the testator’s will was executed, as well as in 1939, when he died, the maximum possible period during which the absolute power of alienation could be suspended, was that which could be measured by two lives in being on the date of such a suspension. (See Real Property Law, § 42 and Personal Property Law, § 11, in effect on those dates.) Inasmuch as the trust created by the testator contained “ spendthrift ” provisions which would suspend the absolute power of alienation, and inasmuch as the trust term was measured by “ two lives” then in being (the respective lives of his wife and his children), it is clear that under the law then prevailing the testator had exhausted the maximum permissible period for such a trust. Therefore, it could be argued that the testator could not have intended the trust to be extended for any additional period, through exercise of the power of appointment bequeathed to his children or otherwise.
However, such an argument would proceed from a false assumption. There is no indication that the testator’s creation of a trust term measured by two lives has any bearing on his intention with respect to the testamentary power of appointment; the assumption that any such relationship exists, and *523 that any information regarding the testator’s intention with respect to the scope of the power of appointment can be deduced from the length of the trust he created, would appear, therefore, to be totally unfounded. Indeed, as discussed above, the words of the testator’s will which do describe the testator’s interest with respect to the scope of the power indicates clearly that, except for a limitation to the described class of potential legatees, the testator intended to authorize any exercise of the power in favor of such persons as the donee might deem appropriate, and that he was simply indifferent as to the type of interest in the subject property and the manner of conveyance which might be established through exercise of the power. The fact that laws affecting the manner of creating property interests were amended after the testator’s death to liberalize the manner in which property interests can be created should not, therefore, alter the conclusion that the testator’s will would authorize an appointment in further trust herein.
II. Whether, in the testator’s will, “issue” should Toe construed to include an adopted child and his issue.
Whether the testator’s will should be construed to authorize the particular appointment in further trust made by Eugene Reynal’s will,- however, presents a further question, to wit: Are the appointees under Eugene Reynal’s will within the class of persons to whom the power of appointment was limited? Should the testator’s will be construed to include as “ issue ” adopted children and their issue?
The testator’s will is silent with respect to the meaning of “ issue ”. Furthermore, it should be noted that the statute set forth in EPTL 2-1.3 which specifically provides for the inclusion of adopted children and their issue within the term “issue ” unless a contrary intention is indicated, is not applicable to the instant case because such provision was not effective until March 1, 1964, and its effect is prospective only. (See, e.g., Matter of Strong, 47 Misc 2d 1069 [1965].) The same is true with respect to the definition of ‘ ‘ issue ’ ’ contained in EPTL 1-2.10 which applies only to the wills of persons dying after its effective date, September 1, 1967.
However, as the Court held in Matter of Grace (46 Misc 2d 878 [1965]) the statutory inclusions of adopted children within classes such as ‘ ‘ issue ’ ’, unless a contrary intention appears, is merely a codification, albeit also a clarification, of judicial precedent established for many years. As pointed out in the memorandum filed herein on behalf of petitioners, in Matter of Park (15 N Y 2d 413) the Court of Appeals held that, in a *524 situation substantially identical with that involved herein, an adopted child and his issue were “ issue ” within the meaning of the testator’s will. Accordingly, since no contrary intent is expressed in the testator’s will, the court will construe the will to include the adopted son of Eugene Reynal, Eric Y. Reynal, and his three children, to. be ‘ ‘ issue ’ ’ capable of taking pursuant to an exercise of the power of appointment.
III. Whether an appointment in further trust is permitted by law.
■Since it appears that the testator’s will would authorize the appointment in further trust made by Eugene Reynal herein, the only remaining question to be considered in determining the validity of that appointment is whether such an appointment in further trust would be permitted by law.
Pursuant to the applicable sections of EPTL there is no doubt that the appointment in further trust herein is valid. Since the subject power of appointment is not a general power which was presently exercisable, the permissible period of the rule against perpetuities begins at the time of the creation of the power, that is, on the date of the testator’s death, December 31, 1939. (See EPTL 10-8.1, subd. [a], par. [2].) Furthermore, the permissible period which is applied is not that which was in effect in 1939, but that which was in effect at the time the power was exercised. (EPTL 10-8.2.) It appears that all of the lives by whom the term of the trust herein would be measured (Adele F. Reynal, widow of the testator, the testator’s children, Katherine B. Reynal, widow of Eugene Reynal, and Eugene Reynal’s son Anthony) were all in being on the date of the creation of the trust and of the power of appointment herein, December 31, 1939. Since the applicable permissible period is that set forth in EPTL 9-1.1, which was in effect on the date of Eugene Reynal’s death (March 20, 1968), and since that statute provides for a permissible period measured by “ lives in being at the creation of the estate and a term of not more than twenty-one years,” it is clear that the appointment in further trust is valid pursuant to the applicable statutory law.
The only question which might be raised is whether there is any precedent for applying such statutes where such application would have the effect of establishing, retroactively, a more liberal test for determining the validity of an estate than the rules in existence on the date of the creation of the power of appointment through which the estate is given, and whether such an application of the statutes would be constitutional.
*525 No eases have been found specifically determining the constitutionality of EPTL 10-8.2, but there have been several decisions in which that section and companion statutes contained in EPTL have been applied in circumstances similar to those presented in the instant case.
In Matter of Hodsdon (31 Misc 2d 93 [1961]) the Surrogate’s Court, Kings County, relied on the new statute in order to validate an appointment in further trust which would have been invalid under the permissible period of the Rule against Perpetuities in effect at the time of the creation of the power, which power was exercised in 1960, shortly after the new statutes became effective. The court therein cited a scholarly comment concerning the problem of retroactivity presented by EPTL 10-8.2 and further noted that, “ the power of this State to regulate testamentary dispositions of property is undoubted where the law applies to instruments of transfer taking effect after the date of enactment ”. (See p. 96.)
In Matter of Williams (41 Misc 2d 297 [1964]) and Matter of Pendleton (41 Misc 2d 831 [1964]) the respective Surrogates’ Courts of Suffolk and New York Counties also applied the new statutory provisions set forth in EPTL, discussed above, in similar cases, wherein the trustees under testamentary trust brought accounting proceedings and requested that the court determine the validity of purported appointments in further trust, the courts holding the appointments in further trust to be valid pursuant to the new statutes in each case.
Although, as yet, there apparently have been no judicial determinations with respect to the constitutionality of the statutes referred to above, there has been no such question raised in this case. Those persons who might under typical circumstances, have the standing to make such a challenge, those who would take in default of a valid exercise of the power, would appear to have little reason to make such an attempt in this case. For the will of Eugene Reynal has provided that in the event the appointment in further trust is invalid, a legal life estate and remainder is created which would have the similar effect of giving his wife the income of the subject property for her life, and the principal thereafter to his issue. As discussed above, the only significant difference between the two provisions is that the further trust would continue for what would be, presumably, a longer period, since it would not be terminated until the death of both Eugene Reynal’s widow and his son Anthony.
In view of the provisions of the applicable statutes discussed above, as well as the cited judicial precedents, it would appear *526 that the appointment in further trust by the will of Eugene Reynal is a valid exercise of the power of appointment created pursuant to the will of the testator herein.
In examining the account of the trustees, I find that the allocation of the principal and income stated therein, to be correctly made and computed and the account should be allowed and judicially settled as filed.